**Perlean Hall and Azalee Keese, Plaintiffs-Appellants, v. Checker Taxi Company, Inc., a Corporation, Lawrence Perry and Robert McGee, Defendants-Appellees.**

Gen. Nos. 53,068, 52,882. (Consolidated.)

First District, First Division.

April 21, 1969.

Pressman & Hartunian, of Chicago (Charles Pressman, of counsel), for appellants.

George F. Barrett, and Jesmer and Harris, of Chicago (James B. Henderson, Julius Jesmer, and Michael Silverman, of counsel), for appellees.

MR. PRESIDING JUSTICE ADESKO delivered the opinion of the court.

This action was brought by Perlean Hall and Azalee Keese to recover damages against defendant Robert McGee, the driver of the car in which Hall and Keese were passengers, defendant Lawrence Perry, the driver of the car with which McGee's car collided, and Perry's principal, defendant Checker Taxi Company, Inc. Lawrence Perry was not served with summons in the above action, although in a separate action he brought a claim against defendant McGee for negligence in the accident. Both cases were consolidated and tried before Judge Barry, and the court rendered a directed verdict for defendant McGee and against the plaintiffs Hall and Keese. The remainder of the case went to the jury, and the jury found in favor of Perry and against Hall and Keese, and in favor of Perry and against McGee in the consolidated case.

The accident out of which this action arises occurred on March 19, 1962, some time between 1:15 and 1:30 a. m., at the intersection of 59th Street and South Elizabeth Street

in the City of Chicago, Illinois. The streets were wet and there was a light rain falling. Riding as passengers in McGee's car were the plaintiffs, Hall and Keese. Hall had previously suffered an epileptic seizure and Keese had requested McGee to drive Hall to a hospital, which McGee agreed to do. Hall was unconscious when she was placed in the front seat of McGee's automobile, between McGee, the driver, and Keese, who cared for her. The parties then proceeded west on 59th Street.

Perry, a driver for the Checker Taxi Company, Inc., was delivering a passenger to 5939 South Elizabeth Street and was proceeding west on 59th Street. At the intersection of Elizabeth and 59th Street, Perry attempted to make a left-hand turn from his westerly course to a southerly direction into Elizabeth Street and while doing so he was struck by McGee's vehicle while in the intersection. The impact was great. Both vehicles were thrown to the opposite intersection, doing damage to light poles and store fronts, and Hall and Keese both suffered fractured ankles. McGee's vehicle was apparently to the left of Perry's Taxi and over the center line of 59th Street as McGee attempted to pass Perry's vehicle.

There were five witnesses to the accident. Lawrence Perry, the driver of the cab; Laveta Lewis, a passenger in the cab; Charles Williams, a pedestrian walking west on the south side of 59th Street, approximately ten feet from the intersection of that street and Elizabeth Street; the defendant McGee and plaintiff Azalee Keese. Plaintiff Hall, though a passenger in defendant's automobile at the time, was unconscious and remembered nothing of the accident. Witness Lawrence Perry is the same Lawrence Perry who is the plaintiff against defendant McGee in one of these consolidated actions.

Four of the witnesses testified that the defendant was traveling at a high rate of speed, 50 to 60 miles per hour. However, none of them directly viewed his moving ve-

447

hicle for a distance of more than fifteen feet. McGee alone denied that he was going fast or that he was passing Perry, and he estimated his speed at 20 to 35 miles per hour.

Three witnesses testified that at the time of the collision, Perry's taxicab was moving and that the left forward portion was slightly over the center line of 59th Street. Perry testified that the cab was stopped a moment or two prior to the impact in roughly the same position relative to the center line of 59th Street, as described by these witnesses while defendant McGee testified that at the point of impact his vehicle was slightly to the left of the center line of 59th Street, and that the taxicab was in the lane to the right of his vehicle.

After hearing the evidence, the court struck plaintiffs' wilful and wanton count of the complaint against McGee, since the plaintiffs did not prove their allegations that McGee "recklessly, wilfully and wantonly drove the said automobile at a high and dangerous rate of speed." Defendant McGee's motion for a directed verdict was granted and the jury found in favor of Perry and against the plaintiffs. In the consolidated case, the jury found in favor of Perry and against McGee.

Two issues are presented for review in this case: (1) Whether the court properly directed a verdict against plaintiffs Hall and Keese and in favor of defendant McGee, and (2) Whether the court erred in the admission of evidence with respect to the claims of Hall and Keese against defendant Perry.

██ ██ It is plaintiffs' contention that in directing a verdict for the defendant, McGee, the trial court relied upon the fact that the plaintiff gave no testimony, nor presented any evidence as to the events and circumstances surrounding the collision. Plaintiffs also contend that the question of wilful and wanton misconduct of a driver of a vehicle is, in most cases a question for the

jury's determination. Larsen v. Harris, 38 Ill2d 436, 231 NE2d 421 (1968); Roth v. Nauman, 90 Ill App2d 44, 234 NE2d 346 (1967); Sinclair v. Thomas, 90 Ill App2d 114, 234 NE2d 368 (1967). Plaintiffs rely heavily on Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504 (1967), and argue that the question of wilful and wanton misconduct, usually a jury question, precludes directing a verdict. If this court were to subscribe to that contention under the factual circumstances of this case, we would, in effect, deny the trial court any inquiry or analysis into the probative value and creditability of the testifier. In the Pedrick case, the Supreme Court said:

> "In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

Thus, the rule announced in Pedrick encourages the trial court to evaluate all evidence and testimony adduced at the trial. The Court recognized the problem faced by the trial courts when a motion for a directed verdict was presented:

> "In our judgment the controlling issue herein is the troublesome, though familiar, question as to the circumstances under which the trial judge may determine that the proof presents no factual question for the jury's consideration and that a verdict should be directed . . . ."

■■ In the instant case, the trial court determined, in accordance with the rule stated in the Pedrick case, that considering all the evidence most favorably to the plaintiffs, such evidence overwhelmingly favored the defendant that no contrary verdict based on such evidence

could ever stand, and properly directed a verdict for the defendant McGee. The trial court's decision is further enhanced when we consider that plaintiffs did not offer any evidence as to defendant McGee's alleged wilful and wanton misconduct, nor did they discharge their burden of proving such as alleged in their pleading.

Plaintiffs next contend the trial court erred in the admission of evidence with respect to their claims against defendant Perry, the employee of Checker Taxi Company, Inc. The plaintiff's cause was against McGee, the driver of the car in which they were riding, which was disposed of by a directed verdict, and against Perry, which case was disposed of by a jury verdict of not guilty. It is to this latter case that various assignments of error in admitting evidence are raised.

Officer Frank Talone of the Chicago Police Department was called as a witness by defendant Perry. Officer Talone stated he had no independent recollection of the accident in question, since he did not observe the occurrence, but did speak with McGee at the scene, and McGee had stated he was driving about thirty-five miles an hour. Talone wrote the remarks of McGee in his accident report and at the trial refreshed his memory by reading the remarks of McGee in response to the questions directed to him. The court allowed Officer Talone to read the contents of the accident report concerning the remarks of McGee to him (Talone), the road and weather conditions, the location of the automobiles and the speed and distance the two automobiles travelled before and after the impact. Plaintiffs' counsel presented a motion for a mistrial, outside the presence of the jury upon the grounds that Officer Talone was testifying to facts of which he had no knowledge, and that this constituted hearsay. The court overruled this motion, stating that Officer Talone mentioned he had no knowledge of anything that happened at the accident except his report and "that's all Talone was testifying from."

450

■ ■ It appears Officer Talone refreshed his memory as to the statement McGee had made to him that night in 1962, and also refreshed his recollection as to the conditions that existed on the day of the accident, and the scene as he found it when he arrived. Supreme Court Rule 236(b), Ill Rev Stats 1967, c 110A, § 236(b), forbids the introduction into evidence of a police accident report and testimony read from such a report is improper. Paliokaitis v. Checker Taxi Co., 324 Ill App 21, 57 NE2d 216 (1944); Smith v. Johnson, 2 Ill App2d 315, 120 NE2d 58 (1954); Moore v. Daydif, 7 Ill App2d 534, 130 NE2d 119 (1955); Kelly v. CTA, 69 Ill App2d 316, 217 NE2d 560 (1966). However, Officer Talone used the police report to refresh his recollection of the conditions on the day of the accident as he found them; he did not offer any conclusions as to what happened or how the accident occurred. The statement of McGee, as to the speed of his automobile, was reaffirmed by McGee himself when he testified as to the circumstances of the accident, and Officer Talone on several occasions testified he did not see the accident, nor knew how it occurred. The record also reveals that when the court overruled plaintiffs' motion for a mistrial, based on the introduction of hearsay evidence, plaintiffs' counsel failed to raise an objection to the admission of Officer Talone's testimony. We are of the opinion that plaintiffs cannot now be heard to complain concerning evidence we believe was properly admitted.

Perry's voluntary remark concerning the issuance of two traffic tickets to defendant McGee while he (Perry) was being cross-examined by plaintiffs' counsel arose under the following questioning:

"Q. Now, did you see McGee at the hospital?
"A. Yes, he was there.
"Q. Do you know what happened to him there?
"A. I don't know.

"Q. Did you have any conversation with McGee at the hospital?

"A. Well, McGee was sitting with me in the squad car, at the hospital, making a statement.

"Q. Did you both make a statement to the police?

"A. Yes, we did.

"Q. And did you sign any statement for the Police?

"A. I don't remember. I don't know. I don't remember no statement. I can't recall, now. I know they gave him two tickets, is all I know. But I don't remember signing anything there.

"MR. VARNES: Well, then, Judge, that's voluntary, highly prejudicial.

"THE COURT: No.

"MR. VARNES: Q. You know that he was discharged on those tickets, don't you?

"A. No, he paid one, and he discharged the other one."

 We do not think this mention of McGee receiving two traffic tickets made it impossible for plaintiffs to receive a fair trial, and is, in our opinion, harmless error, nor do we believe these consolidated cases should be retried. For the above reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

MURPHY and BURMAN, JJ., concur.