BETTY LOU WILKINSON, Plaintiff-Appellant, v. CLARENCE T. MULLEN, JR., Defendant-Appellee.

(No. 59145;

First District (5th Division)—April 11, 1975.

Jack R. Davis and Oliver H. Harris, both of Chicago, for appellant.

Saul R. Leibowitz, of Chicago, for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This cause of action arose out of a collision of motor vehicles in which a car driven by plaintiff was struck from the rear by a truck driven by defendant as plaintiff was slowing because of a construction project. Judgment was entered on a jury verdict of $1,000 in favor of plaintiff. On appeal from the order denying her post-trial motion for either a new trial on the issue of damages only or, in the alternative, for a new trial, plaintiff contends the trial judge erred (1) in improperly admitting a police report; (2) in curtailing her cross-examination of the investigating police officer; (3) in refusing to allow the jury to view the police report or take it to the jury room during their deliberations; and (4) in failing to grant a new trial because of inadequacy of damages.

During the trial, the investigating police officer, called by defendant, testified that he had no independent recollection of the occurrence, and that his recollection was not refreshed when he was shown the police report he had made. He was not a witness to the accident, but stated that the report was true and correct when prepared by him immediately after the accident. It was offered into evidence by defendant and, after objecting to this offer on the ground that the report was hearsay, plaintiff's attorney stated, "With the understanding that I can cross-examine the witness clearly on every detail in this report, I will remove my objection." The trial judge refused to accept this reservation, and plaintiff's counsel then said, "I withdraw my objection. I want the police report in the record with no question."

Thereafter, the police officer continued his testimony concerning the contents of his report without any objection by plaintiff. A square under the heading "injury" appeared in the report, and the officer testified that the "O" in that square meant there was no visible injury and no complaint of injury or momentary unconsciousness. If there had been a complaint of pain even with no visible injuries, then the officer testified that standard procedure called for the recording of a "C" in the square.

On cross-examination, plaintiff's attorney sought to bring out other facts contained in the report, specifically the fact that defendant had received a ticket for a traffic violation. After the officer testified that a ticket was issued, counsel was precluded from any further inquiry as to whom or for what reason it was issued.

Plaintiff argues on this appeal that the allegedly improper admission of the report with its notation that she had made no complaint of injury at the accident scene suggested to the jury that she had sustained no injury and resulted in a verdict for only $1,000, which was less than the amount of special damages proven.

OPINION

■■ Police reports are generally not admissible in Illinois. (*Jacobs v. Holley*, 3 Ill.App.3d 762, 279 N.E.2d 186.) They are specifically excluded in Supreme Court Rule 236(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 236(b)) from the general rule allowing the admission of business records. However, their use has been allowed to refresh the memory of a witness (*Hall v. Checker Taxi Co.*, 109 Ill.App.2d 445, 248 N.E.2d 721), and where a proper foundation has been laid, certain portions of a police report have been admitted into evidence as past recollection recorded.

One early case involving this later distinction is *Koch v. Pearson*, 219 Ill.App. 468. There, in a somewhat analogous situation, an attempt was made to offer into evidence a report of an accident made out by a police officer immediately after the occurrence. The policeman was about 150 feet from the place of the accident and had immediately gone to the scene, spoken to the drivers and made a written report. When called to testify, the officer was tendered the report for his examination to determine whether it would refresh his recollection as to what occurred. He testified that the report failed to refresh his recollection as to some of the matters stated therein, but that the report, which was in his handwriting, was true when he made it. The report was then offered into evidence but, upon objection, was excluded. This court held this to be error, stating at page 482:

"In our opinion the memorandum involved in the instant case was admissible although it contained the words 'No one injured' written by the policeman. Those words cannot be considered as a statement of the officer's opinion, but rather as a statement of fact based upon appearances which he observed and recorded at the time, or the statements made to him by the parties."

More recently, *Noumoff v. Rotkvich*, 88 Ill.App.2d 116, 232 N.E.2d 107, a dramshop action, addressed the problem of the admissibility of a police report notation relating to the driver's sobriety. One box of the report was entitled "sobriety condition," in which was checked "ability not impaired." A second box was entitled "physical condition only," in which was checked "apparently normal." At trial, the officer testified as to the driver's physical condition and sobriety at the time of the accident; however, it was unclear whether he was testifying from his own recollection or from recollection refreshed by the police report, or whether he was reading from the report itself. Following the officer's testimony, a blocked out portion of the report was admitted into evidence over objection. The court held the admission of the document was error absent a proper foundation, commenting at page 123:

"We conclude that defendant did not establish: (1) that Officer Gaffney did not have an independent recollection of the facts relating to the sobriety and physical condition of Michael McFarland; and (2) that after reviewing the police report Gaffney was unable to refresh his recollection. Therefore, Defendant's Exhibit 2 (the blocked-out portion of the police report) was erroneously introduced into evidence under the doctrine of past recollection recorded."

Had the proper foundation been laid, the report could properly have been admitted. See *Rigor v. Howard Liquors, Inc.*, 10 Ill.App.3d 1004, 295 N.E.2d 491.

■■ Here, we note that a proper foundation for the portion of the police report containing the "O" in the square under the heading "injury" was made. The officer testified that he had no independent recollection of the occurrence; that his recollection was not refreshed by the police report; that the "O" in the square meant there was no visible injury or complaint of any injury; and that it was a correct entry when made. Thus, admission of that portion of the report was proper. Admission of the remainder of the report would have been error had objection been made, insofar as it also contained conclusions of the officer which were not the product of the officer's personal observations. However, no objection was made and, in any event, any such error was waived by plaintiff's attorney when he said, "I want the police report in the record with no question."

■■ Plaintiff also contends that the court erred in curtailing her cross-examination of the police officer regarding the issuance of a ticket to defendant. The general rule is that where no restriction is placed on the purpose for which a document is received, it becomes general evidence (*Dill v. Widman*, 413 Ill. 448, 109 N.E.2d 765) and remains so for the benefit of all parties. (*Morris v. Central West Casualty Co.*, 351 Ill. 40, 183 N.E. 595.) However, we need not consider this contention, since it is addressed only to the issue of liability. Plaintiff prevailed on that issue and any error could not be prejudicial.

■■ Likewise, we do not believe there is any substance to the contentions of plaintiff that after the police report was admitted, it was error not to allow the jury to examine the report or to take it to the jury room. Initially, we note that section 67(4) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 67(4)) provides that papers read or received in evidence, other than depositions, "may" be carried from the bar by the jury. Thus, a court, in its discretion, may permit the jury to take with them on retiring to consider their verdict, writings and tangible objects which have been duly admitted into evidence (*Kaspar v. Clinton-Jackson*

*Corp.,* 118 Ill.App.2d 364, 254 N.E.2d 826), and the exercise of such discretion is not error unless the reviewing court can see that it was both erroneous and prejudicial. (*People v. Levato,* 330 Ill. 498, 161 N.E. 731.) Here, plaintiff has not pointed out any prejudice nor do we see any abuse of discretion. Her contention of error is grounded in the fact that she could not bring to the attention of the jury that the officer had given defendant a traffic ticket. As we have stated above, this evidence goes only to the issue of liability and not to damages. Thus, we perceive no prejudice to plaintiff upon which a claim of error may be predicated.

Plaintiff's final contention is that the court erred in failing to award a new trial as to damages, because her special damages were in excess of the verdict. It is alleged by plaintiff that she incurred $852.60 in medical bills and that her claim of lost time from employment was $242.

■■ It is well-settled that new trials may be granted where the jury has awarded inadequate damages (*Zielinski v. Goldblatt Bros., Inc.,* 110 Ill.App.2d 248, 249 N.E.2d 245), and that in a proper case, inadequate damages may also be the basis of awarding a new trial on the issue of damages only. (*Paul Harris Furniture Company v. Morse,* 10 Ill.2d 28, 139 N.E.2d 275.) It is also well established that in cases where damages are alleged to be inadequate, the court will look to the merits of plaintiff's case and will not declare a new trial unless substantial justice requires it. (*Isley v. McClandish,* 299 Ill.App. 564, 20 N.E.2d 890.) The cases have held that if the jury has been properly instructed as to the elements measuring damages, and if there is no showing that the size of the verdict is the result of passion or prejudice, the amount of the award will not be disturbed on review. (*Maguire v. Waukegan Park Dist.,* 4 Ill.App.3d 800, 282 N.E.2d 6; *Wisnawski v. Hungerford,* 132 Ill.App.2d 96, 267 N.E.2d 507.) Furthermore, the trial court does not have the right to reweigh the evidence considered by the jury. It can only intervene if the verdict is palpably inadequate or against the manifest weight of the evidence. *Mount v. McClellan,* 91 Ill.App.2d 1, 234 N.E.2d 329; 15 I.L.P. *Damages* § 162 (1968).

■■ From our examination of the record, it appears that, of the $852.60 in medical bills claimed by plaintiff to have been incurred as a result of this accident, some $732 of this total was for weekly "massage therapy" from 1967 up until just prior to trial in 1973. We note also that plaintiff's medical witness testified that:

> "Mrs. Wilkinson presented intervertebral pathology at the level of the fifth and sixth vertebrae. That this was a condition which had been present for a long time, that had been aggravated by an injury on May fifteenth, 1967."

In light of this pre-existing condition and the nature of the treatment,

810

we do not believe the jury's verdict was so grossly inadequate or·so contrary to the manifest weight of the evidence as to necessitate a new trial.

In view thereof, we affirm the judgment.

Affirmed.

DRUCKER and LORENZ, JJ., concur.