DENNIS WILSEY, Plaintiff-Appellee, *v.* CHESTER SCHLAWIN, Defendant. —(THE VILLAGE OF MAYWOOD, Defendant-Appellant.)

First District (5th Division) No. 60231

Opinion filed December 12, 1975.—Modified upon denial of rehearing February 27, 1976.

Ronald S. Cope, of Ancel, Glink, Diamond & Murphy, P.C., of Chicago, for appellant.

Herbert F. Stride, Ltd., of Chicago (William J. Harte, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court as modified upon denial of the petition for rehearing:

The instant appeal arises from an action to recover damages for the personal injuries plaintiff sustained in an accident involving the vehicle he was driving and that which defendant Chester Schlawin was driving on a street in the defendant Village of Maywood. Following a bench trial, judgment in the amount of $23,221.10 was entered for plaintiff against the defendant Village. The Village appeals, contending that (1) the police report showing its stop sign to be inoperative two days previous to the accident was improperly read into the record; (2) it did not have actual or constructive notice that its sign was inoperative in sufficient

time to take remedial measures; (3) its failure to maintain its stop sign was not the proximate cause of plaintiff's injuries; and (4) the damages awarded to plaintiff were excessive.

The following evidence pertinent to this appeal was adduced.

For the plaintiff:

*Chester Schlawin*

On November 23, 1969, he was driving his car west on Superior Street, an east-west street in the Village of Maywood. As he neared Fifth Avenue, a north-south main street, at a speed of 25-30 miles per hour, he did not see any stop sign or traffic signal regulating westbound traffic crossing Fifth Avenue, and his view at the intersection was unobstructed. He was not familiar with the intersection and did not know that Fifth Avenue was a main street. He looked to his left and, seeing no northbound traffic on Fifth Avenue, he proceeded through the intersection. As he passed the center line of Fifth Avenue his car was hit broadside by plaintiff's southbound car. He could not recall looking to his right for southbound traffic before proceeding across Fifth Avenue, and he did not see plaintiff's car until the collision. At the moment of impact, his speed was approximately 25 miles per hour.

*Plaintiff Dennis Wilsey*

On the day of the accident, he was driving his car south on Fifth Avenue at a speed of 25-30 miles per hour. The street was dry and the air was clear. Upon approaching the intersection of Superior Street, he saw no stop signs regulating traffic. He did not slow down and looked straight ahead. He never saw Schlawin's car approaching from the left.

*Sergeant Mac Woods, under section 60.*

He is a Maywood police officer and investigated the accident involving plaintiff and defendant Schlawin. When he arrived at the scene, he observed that the stop sign controlling westbound traffic on Superior Street at the intersection of Fifth Avenue was lying on the ground. He could not recall when the stop sign had first been knocked down. Plaintiff's counsel unsuccessfully attempted to refresh his recollection of that fact with the accident report he had filed immediately after his investigation. Thereafter, plaintiff's counsel attempted to admit a portion of the accident report into evidence as a past recollection recorded or an admission against interest. Defendant Village's counsel objected, and the court, while sustaining the objection, ordered Woods to read the contents of the report:

> "Driver of vehicle No. 1 stated he was travelling west in his auto and he was struck by driver No. 2 who was travelling south on Fifth Avenue and Superior Street. Stop sign located at Fifth Avenue and Superior Street for westbound traffic had been

knocked down for two days previous to this accident. Due to the fact that the stop sign was down, driver of vehicle No. 1 was unaware that he had to stop for the intersection."

Woods could not recall how he had learned that the stop sign had been knocked down two days previous to the accident, but adopted his deposition, in which he speculated that the information came from a note in the police station or a complaint by a citizen.

For the defendant Village:

*John O'Neal, Jr.*

He is the Public Works Supervisor of the Village of Maywood. On the day before the accident, pursuant to his regular duties, he inspected the intersection of Superior Street and Fifth Avenue. The stop sign posted there was not down at that time.

During closing arguments, plaintiff's counsel acknowledged a $7,000 covenant not to sue between plaintiff and defendant Schlawin. At the close of all the evidence, the court entered judgment for plaintiff against the defendant Village.

OPINION

■■ The Village's first contention is that the police report showing its stop sign to be inoperative was improperly read into the record. Illinois Supreme Court Rule 236(a) liberalizes the requirements for the introduction of most business records into evidence as an exception to the hearsay rule. (Ill. Rev. Stat. 1969, ch. 110A, par. 236(a).) Police accident reports, however, are an exception to this rule. (Ill. Rev. Stat. 1969, ch. 110A, par. 236(b).) In the instant case although the police accident report was not admitted into evidence, the contents of the report were read into evidence by the reporting officer, Sergeant Woods. The contents were offered by plaintiff under two exceptions to the hearsay rule—past recollection recorded and admission against interest.

■■ In Illinois, there are four prerequisites to admission of a police report's contents into evidence as past recollection recorded: (1) failure of the report to refresh the witness' recollection of the occurrence; (2) lack of any independent recollection of the occurrence on the part of the witness; (3) recording of the facts in the report at the time of occurrence or soon thereafter; and (4) establishment of the accuracy and truth of the report when made. (*Rigor v. Howard Liquors, Inc.*, 10 Ill. App. 3d 1004, 295 N.E.2d 491.) In the instant case, after the report was shown to Officer Woods to refresh his recollection, he stated that it did not refresh his recollection. Officer Woods did not testify nor was he asked whether he knew his report was accurate when made. Therefore, plaintiff failed to meet the standards set forth in *Rigor v. Howard Liquors, Inc.*, 10 Ill.

App. 3d 1004, 295 N.E.2d 491; and the report or the reading of it was inadmissible on those grounds.

■■ Plaintiff next urges that the police report was an admission against interest since the report showed notice to defendant that the sign was knocked down prior to the accident. The record reflects that plaintiff's counsel asked Officer Woods what information he had learned with reference to the stop sign when he returned to the police station. It is obvious that the officer had no personal knowledge regarding the stop sign but in his report referred to it based on either a citizen's complaint or on a note in the police station. There is no evidence as to when that complaint or unidentified note was received. Accordingly, we cannot find that the Village had notice prior to the accident, and hold that the contents of the report were inadmissible on the theory of admission against interest.

■■■ The Village's second contention is that it did not have actual or constructive notice that its sign was inoperative in sufficient time to take remedial measures. As a general rule, a municipality is not liable for injuries resulting from conditions under its control unless it had either actual or constructive notice of the unsafe condition. (*Boender v. City of Harvey*, 251 Ill. 228, 95 N.E. 1084.) This principle has been codified and extended in the Illinois Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 3—102(a)) which provides:

> "[A] local public entity * * * shall not be liable for injury [on its property] unless it is proven that it has actual or constructive notice of [a not reasonably safe condition] in sufficient time prior to an injury to have taken measures to remedy or protect against such condition."

In the instant case, the only evidence in the record concerning the condition of the sign before the accident was Sergeant Woods' accident report and the public works supervisor's testimony. Since our disposition of the Village's first contention precludes consideration of that portion of the accident report concerning the stop sign's period of inoperation, we need only consider the public works supervisor's testimony. He testified that the stop sign on westbound Superior Street at Fifth Avenue was standing on the day before the accident. On the basis of this testimony, which was unrebutted, we fail to see how the Village knew or should have known that the stop sign was inoperative in sufficient time to take remedial measures.

■■ The Village's third contention is that its failure to maintain the stop sign for westbound traffic on Superior Street approaching Fifth Avenue was not the proximate cause of the accident. It is axiomatic that where no affirmative duty owed to plaintiff has been breached, no liability can

be imposed. (*Gillman v. Chicago Railways Co.*, 268 Ill. 305, 109 N.E. 181.) In the instant case, since our disposition of the Village's first and second contentions establishes that the Village did not breach any duty it owed to plaintiff, no liability can be imposed on the Village, and the Village's failure to maintain its stop sign cannot constitute the proximate cause of the accident. In disposing of this contention, we need not determine liability between the remaining parties, plaintiff and defendant Schlawin, but need only hold that the conduct of one of the parties, or both, proximately caused the accident if it was avoidable.

Since our disposition of the Village's first, second and third contentions warrants reversal of the trial court's judgment, we need not consider the Village's fourth contention.

Reversed.

DRUCKER and BARRETT, JJ., concur.