EUGENE TAYLOR, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

First District (5th Division)   No. 82—1162

Opinion filed May 13, 1983.

Stanley Garber, Corporation Counsel, of Chicago (Jerome A. Siegan and Lynn K. Mitchell, Assistant Corporation Counsel, of counsel), for appellant.

Leonard B. Miller, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from a judgment against defendant city of Chicago for injuries sustained by plaintiff Eugene Taylor when he allegedly fell on a defective sidewalk. Defendant raises the following issues: (1) whether the trial court erred in granting plaintiff's motion *in limine* to exclude any evidence of intoxication, and (2) whether the plaintiff's closing rebuttal argument that defendant did not call a witness whose testimony would have been adverse constituted prejudicial error. The pertinent facts follow.

On August 7, 1976, plaintiff was walking on the sidewalk in the vicinity of 900 Montrose when he fell and fractured his ankle. Police officers Belcastro and Kindle arrived at the scene of the accident and took plaintiff to Weiss Memorial Hospital for treatment. While at the hospital, Officer Belcastro filled out a police report which stated, among other things, that plaintiff was intoxicated. Plaintiff filed a complaint against the city to recover damages for his injury and alleged that a defect in the sidewalk was the cause of his fall.

Prior to the commencement of trial, the court granted plaintiff's motion to bar defendant from presenting any evidence of plaintiff's intoxication. After deletion of references to drinking and intoxication, the police report was admitted into evidence as Officer Belcastro's past recollection recorded. The only witnesses at trial, plaintiff and Officer Belcastro, presented conflicting evidence regarding the site of the accident, which testimony was crucial in determining whether there was a defect in the sidewalk. During closing rebuttal argument plaintiff's counsel argued, over objections, that had defendant called Officer Kindle as a witness, his testimony would have supported plaintiff's version of the accident. The jury returned a verdict of $56,000 in favor of plaintiff. Defendant appeals.

Opinion

■ Defendant argues first that the court erred in excluding evidence of plaintiff's intoxication as this precluded assertion of the intoxication as a proximate cause of his injury. The evidence of plaintiff's intoxication was contained in the police report made by Officer Belcastro. Although police reports are generally not admissible in Illinois (*Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 279 N.E.2d 186; 73 Ill. 2d R. 236(b)), their use has been allowed to refresh the recollection of a witness (*Hall v. Checker Taxi Co.* (1969), 109 Ill. App. 2d 445, 248 N.E.2d 721), and they have been admitted into evidence as past recollection recorded (*Wilkinson v. Mullen* (1975), 27 Ill. App. 3d 804, 327 N.E.2d 433; see *Rigor v. Howard Liquors, Inc.* (1973), 10 Ill. App. 3d 1004, 295 N.E.2d 491). In Illinois there are four requisites to the admission of a police report as past recollection recorded: (1) lack of any independent recollection of the witness regarding the occurrence; (2) failure of the report to refresh the recollection of the witness; (3) recording of the facts in the report at the time of the occurrence or soon thereafter; and (4) establishment of the truth and accuracy of the report when made. (*Wilsey v. Schlawin* (1975), 35 Ill. App. 3d 892, 342 N.E.2d 417; see *Strope v. Chicago Transit Authority* (1979), 71 Ill. App. 3d 987, 389 N.E.2d 1374.) In the instant case a proper foundation was laid for the admission of the police report as past recollection recorded and, in fact, no challenge has been made to such admission.

■ ■ Regarding the admission of evidence of intoxication, it is well established that the mere consumption of alcoholic beverages does not, by itself, establish intoxication; there must be proof of facts tending to show that the drinking resulted in intoxication. (*McCullough v. McTavish* (1978), 62 Ill. App. 3d 1041, 379 N.E.2d 890; *Shore v. Turman* (1965), 63 Ill. App. 2d 315, 210 N.E.2d 232.) Intoxication may be shown by opinion evidence, and even a nonexpert may testify as to his opinion, based upon experience and observation, whether a person was intoxicated. (*Kessner v. McDonald* (1977), 46 Ill. App. 3d 333, 360 N.E.2d 1178; *Doria v. Costello* (1974), 22 Ill. App. 3d 505, 318 N.E.2d 40.) Officer Belcastro testified that prior to the time of plaintiff's accident he had been assigned to the Mass Transit Unit for over seven years and, as a part of his regular duties, he dealt with intoxicated persons on a daily basis. Thus, he had adequate experience upon which to base a statement as to whether plaintiff was intoxicated.

In the instant case the evidence of intoxication contained in the police report consisted of Officer Belcastro's responses to various

items on the report as shown below (the officer's responses are in italics):

"26. Cause of Injury (Instrument or Means):
   *Drinking & fell*
27. Reason (Accident, Ill Health, Etc.):
   *Too much to drink*

\* \* \*

31. Sobriety of Victim (check one):
   _____ Sober; _____ Had Been Drinking;
      __X__ Intoxicated

\* \* \*

37. Narrative: (The Indicated Sobriety of Victim or Witness is the apparent condition when reported.)
   _____ Apparently UNFOUNDED, at the time of the preparation of this report.
   *Victim consumed a large amount of wine \* \* \*.*"

Officer Belcastro made no mark in the space provided in item 37 to indicate that his observation of the intoxicated condition of plaintiff was unfounded. In granting plaintiff's motion *in limine* the court stated that for an opinion as to intoxication to be admissible, the witness must testify to a factual foundation consisting of observations of the individual. The court characterized the officer's responses as opinions, found the necessary factual foundation lacking, and required deletion of the responses before the report was admitted into evidence as past recollection recorded.

In deciding whether the court erred in holding such responses inadmissible, it is necessary to determine the nature of the excluded responses. In *Koch v. Pearson* (1920), 219 Ill. App. 468, after determining that a proper foundation had been laid, the appellate court held admissible an accident report prepared by a police officer although the report contained the police officer's statement "No one injured." The court stated that "[t]hose words cannot be considered as a statement of the officer's opinion, but rather as a statement of fact based upon appearances which he observed and recorded at the time." (219 Ill. App. 468, 482.) In another case, that portion of a police report which contained a "0" in the square under the heading "injury" was held admissible upon a showing that an adequate foundation had been laid for past recollection recorded. The court stated, however, that had objection been made, admission of the remainder of the report would have been error, insofar as it contained conclusions of the officer which were not the product of his personal observations. (*Wilkinson v. Mullen* (1975), 27 Ill. App. 3d 804, 327 N.E.2d 433.) Applying

the same analysis in the instant case, we conclude that certain portions of the police report were improperly excluded.

■ Officer Belcastro's responses to item 26, "Cause of Injury": "Drinking and fell"; item 27, "Reason": "Too much to drink"; and item 37, "Narrative": "Victim consumed a large amount of wine"; were not the product of his personal observation nor were they statements of fact based upon appearances which were observed and recorded at the time. They were, rather, conclusions based upon assumptions and speculation and were properly excluded. Item 31, however, called for a response based directly on the officer's observations. The item offered a choice among several observations that could have been made and Officer Belcastro testified to the distinctions that he made between the choices and to the type of behavior which would influence him to decide on one category or another. We conclude that the portion of the police report in which the officer indicated that plaintiff was intoxicated, item 31, had a factual basis in that it was a personal observation based on appearances and, therefore, the court erred in excluding it. As such exclusion precluded defendant from asserting that plaintiff's intoxication was a proximate cause of his accident, the error was prejudicial and a new trial is warranted.

■ Plaintiff contends that the deleted responses were correctly excluded from evidence as there was no foundation laid for the observations of the officer in that the procedure he used to arrive at his conclusion that plaintiff was intoxicated was arguably insufficient to accurately make such a determination. Although Officer Belcastro had no independent recollection of the event, he testified regarding the observations upon which he would generally base a determination that an individual is intoxicated. These observations are whether the individual has the odor of alcohol on his breath, whether there is a reason the individual is lying on the ground or is in whatever situation he is in, the condition of his clothing and overall appearance and hygiene, and whether the individual can function properly. Plaintiff contends that, except for alcohol on the breath, any of the facts noticed by the officer which led him to conclude that plaintiff was intoxicated could be attributed to the injury plaintiff had sustained and were not, therefore, conclusive evidence of intoxication. On this issue we agree with defendant's argument that whether or not there was a sufficient basis for Officer Belcastro's statement that plaintiff was intoxicated goes to the credibility of the evidence, not its admissibility. (*Doria v. Costello* (1974), 22 Ill. App. 3d 505, 318 N.E.2d 40; see *Wilson v. Parker* (1971), 132 Ill. App. 2d 5, 269 N.E.2d 523.) Whatever probative value

the evidence may have on the issue of plaintiff's intoxication, it does not affect the admissibility of the evidence. See *Strope v. Chicago Transit Authority* (1979), 71 Ill. App. 3d 987, 389 N.E.2d 1374.

*Young v. Gateway Transportation Co.* (1975), 26 Ill. App. 3d 864, 326 N.E.2d 222, cited by plaintiff, is not controlling. In *Young* a police officer testified on the issue of plaintiff's intoxication but stated that he was not sure whether the odor he detected was from leaking automobile antifreeze or plaintiff's breath and that plaintiff's slurred speech and unsure walk could have resulted from the head injury he had sustained. The court excluded the evidence due to the highly questionable nature of the testimony and the possible introduction of inadequate but highly prejudicial testimony. The instant case differs from *Young*, however, in that the evidence is contained in a written document admissible as a past recollection recorded and consists of the statement that plaintiff was intoxicated. Such evidence shows none of the uncertainty of the testimony presented in *Young* and, therefore, we find that case inapposite.

In view of our disposition of the foregoing issue, we find it unnecessary to address the second issue raised by defendant.

The judgment of the trial court is reversed and the cause remanded for a new trial.

Reversed and remanded.

WILSON, P.J., and SULLIVAN, J., concur.