# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Kociscak v. Kelly*, 2011 IL App (1st) 102811**

| | |
|---|---|
| Appellate Court Caption | MARIAN KOCISCAK, Plaintiff-Appellant, v. MARY KELLY, as Administrator of the Estate of Carole H. Bowen, Deceased, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-10-2811 |
| Filed | December 13, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action seeking damages arising from an automobile accident involving plaintiff and defendant's decedent, the entry of summary judgment for defendant was upheld, notwithstanding plaintiff's contention that the trial court erred by excluding the deposition testimony of a responding police officer and the police report in granting summary judgment, since the deposition testimony and police report did not satisfy the prerequisites for being admitted as evidence of a past recollection recorded, and furthermore, plaintiff was barred from testifying under the Dead-Man's Act and could not make a *prima facie* showing of negligence against decedent. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-L-62028; the Hon. Roger G. Fein, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal    Moran Law Group, of Chicago (John Thomas Moran, Jr., of counsel), for appellant.

Ripes, Nelson Baggot & Kalobratsos, P.C., of Chicago (Jonathan T. Koehler, of counsel), for appellee.

Panel    JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Quinn and Justice Connors concurred in the judgment and opinion.

## OPINION

¶ 1     Here we are called upon to determine whether the circuit court properly granted summary judgment in favor of defendant Mary Kelly, as administrator of the estate of Carole H. Bowen, deceased (Kelly). During the proceedings before the circuit court, Kelly was appointed personal representative of Carole H. Bowen (decedent), who passed away from unrelated health conditions during proceedings before the circuit court. Plaintiff Marian Kociscak's complaint sought personal injury damages from an automobile accident that occurred at in intersection in Glenview, Illinois, on December 27, 2007, involving himself and decedent. On appeal, Kociscak contends the circuit court erred by excluding deposition testimony from the responding police officer and the police report in granting Kelly's motion for summary judgment.

¶ 2     We hold that the circuit court did not err in granting summary judgment in Kelly's favor because Kociscak cannot show evidence of negligence by the decedent. The circuit court did not err in excluding the deposition testimony and police report of the responding police officer because the report and accompanying testimony did not satisfy the prerequisites for being admitted as evidence of a past recollection recorded.

¶ 3                        JURISDICTION

¶ 4     On May 19, 2010, the circuit court granted Kelly's motion for summary judgment. On August 18, 2010, the circuit court denied Kociscak's motion to reconsider. On September 13, 2010, Kociscak timely filed his notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered below. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 5                        BACKGROUND

¶ 6     On July 16, 2008, Kociscak filed a single-count complaint against decedent alleging decedent negligently operated her vehicle causing an automobile collision on December 27,

2007, at an intersection in Glenview, Illinois. In his complaint, Kociscak alleged, in relevant part:

"2. On or about December 27, 2007, at approximately 11:03 a.m., [decedent] owned, operated, managed, maintained and controlled a motor vehicle traveling southbound on Landwehr Road at or near the intersection of Willow Road.

3. On said date, and at the time of the accident, [Kociscak] owned, operated, managed, maintained and controlled a motor vehicle traveling eastbound on Willow Road.

4. On said date, [decedent] had a duty to act with reasonable care and not to expose [Kociscak] to an unreasonable risk of injury or harm.

5. At the time of the accident, the vehicle owned and operated by [decedent] caused contact with [Kociscak's] vehicle.

6. [Decedent] was negligent in one or more of the following respects:

a) Negligently and carelessly failed to keep a proper lookout for other vehicles upon said roadway;

b) Negligently and carelessly failed to keep said vehicle under sufficient and proper control;

c) Negligently and carelessly operated said vehicle in violation of the traffic lights at said intersection;

d) Negligently and carelessly drove said vehicle at a greater rate of speed than was reasonable and proper for the conditions and circumstances of said roadway;

e) Negligently and carelessly failed to equip and provide said vehicle with adequate and proper brakes to stop or hold the movement of said vehicle."

Kociscak further alleged that "[a]s a direct and proximate result of one or more of these negligent acts and or omission" of decedent, she suffered "injuries of a personal and pecuniary nature."

¶ 7    On December 3, 2008, decedent filed her answer, urging the circuit court to dismiss the complaint. Decedent alleged, as an affirmative defense, that Kociscak's own negligent acts and or omissions were the proximate cause of his injuries. On April 2, 2009, decedent filed a counterclaim against Kociscak. In her counterclaim, decedent alleged Kociscak's negligent operation of his motor vehicle was the proximate cause of her injuries. In response to decedent's counterclaim, Kociscak filed an affirmative defense alleging decedent's acts or omissions to act were the proximate cause of his injuries. Kociscak urged the circuit court to dismiss decedent's counterclaim and enter judgment in his favor.

¶ 8    On June 3, 2009, decedent passed away due to causes unrelated to the automobile accident at issue in this case. Decedent's attorneys filed a motion to spread the record of death and to have decedent's sister-in-law, Mary Kelly, be named as the administrator and personal representative for purposes of the lawsuit pursuant to section 2-1008(b) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-1008(b) (West 2008)). On July 8, 2009, the circuit court granted the motion and appointed Kelly as the administrator and

personal representative of decedent for the remainder of the proceedings.[1]

¶ 9        On March 17, 2010, Kelly filed her motion for summary judgment pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2008)), alleging there is no genuine issue as to any material fact. Kelly alleged that there was no evidence to support any of Kociscak's allegations of negligence. Specifically, Kelly argued Kociscak offered no evidence that decedent "failed to keep a proper lookout, failed to control her vehicle, violated the traffic lights at the intersection, drove at an excessive rate of speed, or failed to equip proper brakes." Kelly argued summary judgment was proper because decedent and Kociscak were the only witnesses to the accident. Relying on section 8-201 of the Illinois Dead-Man's Act, Kelly claimed Kociscak should be barred from testifying regarding any actions after he reached the intersection where the accident occurred. 735 ILCS 5/8-201 (West 2008). As decedent and Kociscak were the only witnesses to the accident, Kelly contended that Kociscak could not plead a *prima facie* case for negligence. Kelly attached to her motion Kociscak's complaint and her answer to Kociscak's complaint, which included her affirmative defenses.

¶ 10       Kociscak, in response to Kelly's motion for summary judgement, argued that summary judgment was improper based on statements made by Kelly in her motion for summary judgment, which Kociscak characterized as judicial admissions, and the statements of the responding police officer to the scene of the accident. Attached to his response were his own answers to Kelly's interrogatories, the traffic crash report prepared by Officer Heydo Zando of the Glenview police department, and the deposition testimony of Officer Zando. Kociscak argued that Kelly's admissions as to the accident "relieved [Kociscak] of the necessity of having to prove them at trial." Kociscak contended that Kelly made admissions as to the point of contact of the accident, damage to the vehicles and the setting in which the collision took place. Based on these admissions, Kociscak argued that he only had to show evidence as to fault. In arguing that decedent was at fault, Kociscak relied on the report and testimony of the responding police officer to the scene of the accident, Officer Zando. Officer Zando's report, in relevant part, stated: "[Kociscak] approached into intersection while traffic signal he faced was green. [Decedent] disregarded red traffic signal she faced and crashed into [Kociscak] by the driver's side fender and door."

¶ 11       In his deposition, Officer Zando testified he and his field training officer, Officer Cholewinski, were the responding officers to the accident involving decedent and Kociscak. Officer Zando testified that at the time of the incident, he was a recent graduate of the police academy and, thus, Officer Cholewinski rode in his patrol vehicle with him and "most likely played a big role" in helping him complete his report and investigation. He testified that typically his reports are completed at the scene of the accident, but he could not recall if he

---

[1]We note that section 2-1008(b) of the Code allows for a "special representative" be appointed for the deceased, not an "administrator." 735 ILCS 5/2-1008 (West 2008). Decedent's attorney's motion and the subsequent order entered by the circuit court referred to Kelly as the "administrator and personal representative." According to section 2-1008(b) of the Code, Kelly should have only been appointed as the "special representative" of decedent, not the "administrator and special representative." 735 ILCS 5/2-1008 (West 2008).

did so for the accident in question. Officer Zando testified that he had no independent recollection of the accident in question. Officer Zando read from his report and the diagram of the crash in the report in giving his deposition testimony. He testified that he did not know of any other witnesses to the accident. He could not recall what the parties to this accident told him after the accident. He testified that after responding to an accident, he writes a narrative statement in the crash report. In this case, Officer Zando's narrative states that Kociscak approached the intersection facing a green light while decedent approached the intersection facing a red traffic signal. Based on the narrative in the crash report, Officer Zando testified that decedent disregarded the red traffic signal and crashed into Kociscak's driver-side fender and door. He testified further that, based on his report, he issued a citation to decedent, but not Kociscak. The citation was for disobeying a red light. When asked about the court date on the ticket he issued, Officer Zando could not recall if he attended the proceedings.

¶ 12        On cross-examination, Officer Zando admitted he had no independent recollection of the incident, nor could he remember speaking to either party at the scene of the accident. He admitted that his deposition testimony was based on the police report he had prepared. Officer Zando also admitted that looking at the police report, he did not know specifically what either party stated to him. He also admitted that it is possible that Officer Cholewinski spoke to one of the drivers, as he does not recall speaking to either.

¶ 13        In her reply in support of her motion for summary judgment, Kelly argued that the police report prepared by Officer Zando is not admissible under the recorded recollection exception to the hearsay rule because the relevant information in the police report is not based on Officer Zando's firsthand, or personal, knowledge. Kelly argued that Officer Zando admitted to arriving on the scene after the accident and that the report does not contain any statements from either party. Instead of personal knowledge, Kelly characterized the police report as containing only Officer Zando's narrative of the incident. Kelly also stressed that Officer Zando could not speak to the report's accuracy and admitted that his field training officer, Officer Cholewinski, may have supplied some of the information in the report. Kelly contended that because Kociscak did not have any admissible evidence to prove his claim of negligence, summary judgement in her favor was proper. Kelly, in her reply, reiterated that there is no one available to testify regarding decedent's alleged negligence as decedent is deceased and Kociscak is prohibited from testifying under section 8-201 of the Illinois Dead-Man's Act. 735 ILCS 5/8-201 (West 2008).

¶ 14        On May 19, 2010, the circuit court, after hearing arguments of counsel and reviewing the pleadings of the parties, issued a written order granting Kelly's motion for summary judgment. The court found Kociscak failed to present any evidence of decedent's negligence. Accordingly, the circuit court found Kociscak would be unable to prove decedent was negligent by a preponderance of the evidence at trial and, thus, Kelly's motion for summary judgment must be granted.

¶ 15        On June 16, 2010, Kociscak filed a motion asking the court to reconsider its granting of summary judgment in Kelly's favor. In his motion, Kociscak argued that the circuit court erred in its application of the law. Specifically, Kociscak contended the circuit court erred in finding there was no admissible evidence as to the existence of fault on the part of

decedent. Kociscak argued further that any statement made by decedent to Officer Zando qualified as a party admission and, thus, can be admitted as an exception to the hearsay rule and used as evidence against Kelly. Kociscak maintained that because Officer Zando testified that he would not have written in his report that decedent had disobeyed the red light unless decedent had told him so, Officer Zando's testimony was circumstantial evidence of decedent's admission. In his motion, Kociscak stressed that Kelly's motion for summary judgment should have been denied because "[i]t is not necessary for Officer Zando to have witnessed the accident; merely that he be a witness to the [decedent's] admission of running the light." Kociscak raised no issues concerning the circuit court's application of the Illinois Dead-Man's Act.

¶ 16    Kelly responded, arguing Kociscak's motion to reconsider should be denied because Kociscak "failed to offer any new evidence or legal bases for his Motion." Kelly argued that Officer Zando's testimony that he would not have written that decedent ran a red light unless decedent had made that statement to him does not establish the accuracy of the police report, such that it may be properly admitted.

¶ 17    In his reply, Kociscak argued that Officer Zando's testimony regarding his police report is some evidence of fault on the part of decedent, such that summary judgment was improper.

¶ 18    On August 18, 2010, the circuit court, after considering the arguments of the parties and reviewing the pleadings, issued a written order denying Kociscak's motion to reconsider. The circuit court found that it had not erred in its application of the law. Specifically, the circuit court found that it properly applied the elements of the past recollection recorded exception to the hearsay rule and that it understood Kociscak's position with respect to the significance of the police report. The circuit court found further:

> "[It] previously found in effect and continues to be of the opinion that [Kociscak] may not have Officer Zando testify as to what [decedent] allegedly said to him (even if it was an admission), nor may the police report be utilized by [Kociscak], to defeat the motion for summary judgment or at trial. Since Officer Zando cannot competently testify, [Kociscak] has not presented any evidence of [decedent's] negligence, and is without legal means to do so."

¶ 19    On September 13, 2010, Kociscak timely filed his notice of appeal, urging this court to reverse the circuit court's granting of summary judgment in favor of the administrator.

¶ 20                                    ANALYSIS

¶ 21    Before this court, Kociscak argues that the circuit court erred in granting Kelly's motion for summary judgment because Officer Zando's deposition testimony and the police report he made are admissible under the past recollection recorded exception to the hearsay rule. Kociscak further argues that the circuit court erred in granting Kelly's motion for summary judgment because decedent's alleged statement to Officer Zando that she ran a red light at the intersection is admissible as an admission by a party opponent. Kociscak does not dispute the circuit court's conclusion that he is barred from testifying under the Illinois Dead-Man's Act.

¶ 22    Kelly argues summary judgment was proper because Officer Zando's deposition

testimony and his police report are not admissible under the past recollection recorded exception to the hearsay rule because Officer Zando could not identify statements made by the parties at the scene of the accident and, thus, cannot establish the truth and accuracy of his report. Kelly also argues that Officer Zando's testimony established that he had no personal knowledge of the accident and, thus, Kociscak cannot satisfy the elements of the past recollection recorded exception to the hearsay rule. Kelly further argues that Kociscak cannot satisfy the elements of the admission by a party opponent exception to the hearsay rule because Officer Zando's testimony only speculated what decedent said as he had no independent recollection of the incident nor did the report distinguish between statements made by decedent and statements made by Kociscak.

¶ 23    Summary judgment is proper where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2008). In ruling on a motion for summary judgment, the circuit court is to determine whether a genuine issue of material fact exists, not try a question of fact. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). A party opposing a motion for summary judgment "must present a factual basis which would arguably entitle him to a judgment." *Allegro Services, Ltd. v. Metropolitan Pier & Exposition Authority*, 172 Ill. 2d 243, 256 (1996). When determining whether a genuine issue of material fact exists, the pleadings are to be liberally construed in favor of the nonmoving party. *Williams*, 228 Ill. 2d at 417. "Summary judgment is to be encouraged in the interest of prompt disposition of lawsuits, but as a drastic measure it should be allowed only when a moving party's right to it is clear and free from doubt." *Pyne v. Witmer,* 129 Ill. 2d 351, 358 (1989). We review summary judgment rulings *de novo*. *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113 (1995).

¶ 24    A plaintiff alleging negligence must allege facts establishing that the defendants owed the plaintiff a duty of care, that they breached that duty of care, and that the alleged breach proximately caused the plaintiff's injuries. *Iseberg v. Gross*, 227 Ill. 2d 78, 86-87 (2007). This court, in ruling on a motion for summary judgment in a personal injury action based in negligence after a car accident, held:

"The mere happening of an accident does not entitle a plaintiff to recover. A plaintiff must come forward with evidence of negligence on the part of defendant and with evidence that the defendant's negligence was a proximate cause of the plaintiff's injuries. Proximate cause can only be established when there is a *reasonable certainty* that the defendant's acts caused the injury." (Emphasis in original.) *Payne v. Mroz*, 259 Ill. App. 3d 399, 403 (1994).

"Liability must be premised on evidence and not on conjecture or speculation." *Smith v. Tri-R Vending*, 249 Ill. App. 3d 654, 657 (1993).

¶ 25    Generally, written police reports are not admissible in Illinois because they contain conclusions or are hearsay. *People v. Watkins*, 98 Ill. App. 3d 889, 900 (1981); see also *People v. Garrett*, 216 Ill. App. 3d 348, 357 (1991) ("a police report summarizes information obtained from various sources during the course of an investigation. Consequently, they are the product of secondhand knowledge as to the reporting officer and, hence, hearsay.").

However, police reports have been admitted into evidence, provided a proper foundation has been laid, as evidence of a past recollection recorded or for use in impeachment. *Watkins*, 98 Ill. App. 3d at 900; *Wilkinson v. Mullen*, 27 Ill. App. 3d 804, 807 (1975).

¶ 26 Evidence admitted as a past recollection recorded must satisfy the following prerequisites: "(1) the witness had firsthand knowledge of the recorded event; (2) the written statement was made at or near the time of the event and while the witness had a clear and accurate memory of it; (3) the witness lacks present recollection of the event; and (4) the witness can vouch for the accuracy of the written statement." *Roeseke v. Pryor*, 152 Ill. App. 3d 771, 779-80 (1987). We note that this court has described the elements of past recollection recorded using different terminology in the past. For example, in *Johnson v. City of Chicago*, 103 Ill. App. 3d 646, 647-48 (1981), and in *People v. Andrews*, 101 Ill. App. 3d 808, 811 (1981), this court used similar language as in *Roeseke* above. However, in *Taylor v. City of Chicago*, 114 Ill. App. 3d 715, 717 (1983), this court described the requirements for evidence to be admitted as a past recollection recorded as: "(1) lack of any independent recollection of the witness regarding the occurrence; (2) failure of the report to refresh the recollection of the witness; (3) recording of the facts in the report at the time of the occurrence or soon thereafter; and (4) establishment of the truth and accuracy of the report when made." See also *Loughnane v. City of Chicago*, 188 Ill. App. 3d 1078, 1082 (1989).

¶ 27 Our review of the above authorities show that they are consistent despite using different terminology. In *Taylor* and *Loughnane*, this court does not specifically state the element that "the witness had firsthand knowledge of the recorded event" as in *Roeseke*. In *Roeseke*, this court lists the final element as "the witness can vouch for the accuracy of the written statement," as opposed to *Taylor*, which states the final element as the "establishment of the truth and accuracy of the report when made." *Roeseke*, 152 Ill. App. 3d at 779-80; *Taylor*, 114 Ill. App. 3d at 717. We do not believe these differences cause a conflict in the authorities because a witness must testify to facts of personal knowledge. *Diamond Glue Co. v. Wietzychowski*, 227 Ill. 338, 344 (1907) ("A witness can testify only to such facts as are within his own personal knowledge and recollection, but there are cases where writings may be used to assist his recollection and recall to memory forgotten facts."); *Roeseke*, 152 Ill. App. 3d at 780 ("Critical to the use of the past-recollection-recorded doctrine is that the testifying witness have 'firsthand' or personal knowledge of the events disclosed in the report."). The final element that the "establishment of the truth and accuracy of the report when made," as stated in *Taylor*, could not be satisfied if the witness testified regarding facts outside his or her personal knowledge. Although this court has used different terminology to describe the requirements to have evidence admitted as a past recollection recorded, we do not believe our past decisions conflict with one another.

¶ 28 This court in *Roeseke v. Pryor*, 152 Ill. App. 3d 771 (1987), addressed a factual scenario similar to this case. In *Roeseke*, a police officer and his partner had compiled a police report after responding to the scene of an automobile accident. *Id.* at 776. The circuit court barred the police officer from testifying about several portions of the report. *Id.* On review, this court upheld the circuit court's ruling, stating:

"Officer Stachula was asked to testify from a police report that contained information that was clearly outside his firsthand knowledge. The record reveals that the police report

-8-

sought to be introduced by the defendants through Stachula was not a report of Stachula's personal findings, but was rather a compilation of information gathered by both Stachula and his partner from a multitude of sources. Stachula could not determine whether the information (sought to be introduced by the defendants) was gathered from Dorenzo, from hospital personnel, from other drivers at the scene, from people he called on the phone, or from other drivers at the hospital. In Stachula's own words, the police report in question was 'pieced together from all the sources.' Furthermore, Stachula's partner was never called to testify even though he admittedly assisted in preparing the report. Under these circumstances, we agree with the trial court that the police report constituted inadmissible hearsay." *Id.* at 780.

¶ 29    As in *Roeseke*, Officer Zando in this case testified regarding events outside his personal knowledge. He could not recall speaking to either party, nor did he put any statements made by the parties into his report. Officer Zando, like the police officer in *Roeseke*, gathered the information for his report with his partner, Officer Cholewinski, who did not supply any deposition testimony. Officer Zando testified that Officer Cholewinski "most likely played a big role" in helping him complete his report. On cross-examination, he also admitted that it was "possible" that Officer Cholewinski either spoke to one of the parties or at least got some of the information from one of the parties. Although Officer Zando testified that the report was in his handwriting, he could not recall where the information came from. He could not recall speaking to either party, nor did he include any statements made by either party in the report. Kociscak cannot prove that Officer Zando's testimony is based on the officer's firsthand knowledge of the report as Officer Zando cannot even say that he witnessed the information that was presented in his report. Based on his testimony, there is a very high probability that at least some of the information was collected by Officer Cholewinski.

¶ 30    Most importantly, a proper foundation was not laid for Officer Zando's deposition testimony because he never vouched for the truth and accuracy of the report, one of the prerequisites for having evidence admitted as a past recollection recorded. *Roeseke*, 152 Ill. App. 3d at 779-80; see also *Taylor*, 114 Ill. App. 3d at 717 ("establishment of the truth and accuracy of the report when made"). Officer Zando, in his deposition testimony, never vouched for the truth or accuracy of his report. Nor could he, considering that he was not even sure he gathered all of the information. He testified that Officer Cholewinksi "most likely played a big role" in helping him complete his report and admitted that it was "possible" Officer Cholewinski gathered some of the information for his report. Officer Zando's testimony cannot be admitted as a past recollection recorded because Kociscak never laid the proper foundation for its admission.

¶ 31    Kociscak's final argument is that decedent's alleged statement to Officer Zando that she ran a red light before the accident should have been admitted into evidence as an admission by a party opponent. We disagree with Kociscak's characterization of Officer Zando's report as containing an admission made by decedent. When asked "what each of the individual drivers relayed to you as to how the accident happened," Officer Zando responded that he could not "recall as far as what they specifically told me." On cross-examination, Officer Zando admitted that he did not recall speaking to either party. Officer Zando also admitted on cross-examination that nowhere in his report is there any statement made by either party.

It appears Kociscak's argument is based on the narrative contained in Officer Zando's police report. However, as shown above, the police report was properly excluded by the circuit court. Additionally, the report does not contain any admissions by decedent. All it contains is a narrative that may have been gathered by either Officer Zando or Officer Cholewinski or both. Kociscak's argument appears to be that decedent made an admission to either of the responding officers, that Officer Zando did not reduce it to writing, but that he based his narrative on it. We are not prepared to find negligence on the part of decedent based on speculation. *Smith,* 249 Ill. App. 3d at 657 ("Liability must be premised on evidence and not on conjecture or speculation.").

¶ 32    We hold that the circuit court in this case did not err in granting summary judgment in Kelly's favor. The circuit court properly excluded Officer Zando's police report and accompanying deposition testimony, where it did not meet the prerequisites for being admitted as evidence of a past recollection recorded. We disagree with Kociscak's speculative argument that Officer Zando's police report contained an admission based on Officer Zando's testimony and the report itself. Kociscak did not dispute, either before this court or the circuit court, that he is barred from testifying under the Illinois Dead-Man's Act. As he is the only available witness to the accident, he cannot make a *prima facie* case of negligence against decedent. The circuit court did not err when it granted Kelly's motion for summary judgment.

¶ 33                               CONCLUSION

¶ 34    The judgment of the circuit court is affirmed.

¶ 35    Affirmed.