SECOND DIVISION
March 30, 2010

No. 1-08-2753

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 08 CR 1232 |
| | ) | |
| TONY McWHITE, | ) | Honorable |
| | ) | Matthew E. Coghlan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant Tony McWhite was convicted of possession of 1 to 14 grams of heroin with intent to deliver (720 ILCS 570/401(c)(1) (West 2006)) and sentenced to seven years' imprisonment. Defendant now appeals, contending that: (1) his conviction should be reversed because the trial court improperly allowed the State to introduce out-of-court statements to bolster the credibility of the police officer who conducted the narcotics surveillance; (2) his sentencing order should be amended to reflect a time served credit of 287 days; (3) the $30 Children's Advocacy Center assessment should not have been imposed on him because the statute authorizing it was not in effect at the time he committed the offense; (4) the $5 court system fee should not have been imposed upon him because his conviction was not a violation of the Illinois Vehicle Code or a similar provision; and (5) his mittimus should be corrected to properly state the

name of the crime under which he was convicted, possession of a controlled substance with intent to deliver. For the following reasons, we reverse and remand this cause to the circuit court for a new trial.

Defendant was charged by information with possession of 1 to 15 grams of heroin within 100 feet of a park (720 ILCS 570/401(b)(1) (West 2006)), and possession of 1 to 15 grams of heroin with intent to deliver (720 ILCS 570/401(c)(1) (West 2006)). The following evidence was adduced at his bench trial.

Officer Thomas Carey testified that around 6 p.m. on December 14, 2007, he was conducting a narcotics surveillance near 340 North Avers on the west side of Chicago. He was working with a team of three other officers. It was dark at that time of evening at that time of year, but the area was illuminated by street lamps. Officer Carey had positioned himself between the first and second floors of a building that was under construction. From roughly 150 feet away, with the aid of binoculars, Officer Carey observed defendant, a man named "Greer," and an unidentified woman on the sidewalk below. The woman was yelling, "Blows!"

Shortly thereafter, a vehicle arrived at the scene, and a man got out and approached Greer. After a short conversation, the man gave Greer money. Greer then turned in the direction of defendant and the woman and said something. Defendant, in turn, proceeded to a vacant lot. In that lot, near the base of a large tree, was a "garbage can type" barbeque grill. Defendant reached inside of the grill and produced a cigarette box. Defendant then removed something from the cigarette box, walked over to Greer, and gave him the item. Defendant returned to where the woman was, and Greer gave the item to the man from the vehicle. The man then departed.

A few minutes later, a man drove up in a pickup truck. He got out, approached Greer, and after a short conversation, gave him money. Greer then turned in defendant's direction and said something. As he had done before, defendant proceeded to retrieve an item from the cigarette box inside of the grill and gave the item to Greer. Greer, in turn, gave the item to the man, who then departed.

A few minutes after that, Officer Carey observed a third similar transaction. A few more minutes later, a fourth transaction occurred. However, after observing the fourth transaction, Officer Carey radioed the other officers on his team and directed them to arrest defendant and Greer.

After they did so, Officer Carey directed one of them, Officer Brian Town, to the cigarette box inside of the grill. Officer Town, who also testified at trial, explained that Officer Carey directed him to a tree. He then told him that by the tree, inside of a grill, was a box. Officer Town then retrieved a Newport cigarette box, which contained 24 ziploc bags, each of which contained what he suspected to be powdered heroin. Officer Towns transported the items to the police station, where he inventoried them and sent them to the crime lab for testing. Officer Towns also performed a custodial search of Greer, which yielded $67.

On cross-examination, defense counsel confronted Officer Carey with the vice case report of the incident. The report had been prepared by one of the other officers on the team, but Officer Carey had reviewed it and signed it. The report contained approximately 15 lines of narration describing the incident. However, Officer Carey admitted that the report made no mention of the barbeque grill. Rather, the report stated that after receiving communications from

3

Greer, defendant "relocated to a large tree inside an empty lot at approximately 340 North Avers, bent down, and picked up a green-white Newport cigarette box."

On redirect by the State, the assistant State's Attorney began to ask about certain testimony Officer Carey gave at the preliminary hearing describing how defendant would retrieve the drugs. However, defense counsel objected, contending that the rehabilitation was improper. The court overruled the objection without comment. Nevertheless, defense counsel persisted, arguing that the State was attempting to introduce a prior consistent statement. The following exchange then occurred:

> "THE COURT: You impeached him by the vice case report, giving an inference of recent fabrication, she's allowed to go into. [*sic*]
>
> MR. FOX [Defense Attorney]: But, Judge, I would like to object also and say whatever they are going to try to use had to exist before the police report.
>
> There are [*sic*] talking about Preliminary Hearing which was afterwards.
>
> THE COURT: Your record is made.
>
> Overruled."

The State then proceeded to ask Officer Carey about his testimony at the preliminary hearing, during which he spoke about the grill located at the base of the tree and how defendant would open the grill and remove an object. The State also asked Officer Carey about two arrest reports he had prepared regarding the incident, one for defendant and one for Greer. The State then elicited testimony that in each of those reports, Officer Carey described defendant removing the cigarette box from the grill, and removing the suspected drugs from the cigarette box.

Prior to the conclusion of the evidence, the parties stipulated that the items inventoried by Officer Towns were received at the Illinois State Police crime lab in a sealed condition, a proper chain of custody having been maintained at all times. There, a forensic chemist tested them and would have testified that she determined, to a reasonable degree of scientific certainty, that the items were positive for the presence of heroin in the amount of 6.4 grams.

The court ultimately found defendant guilty of possession of a controlled substance with intent to deliver. In announcing its decision, the court noted that "the suggestion of recent fabrication of the grill" had been "dispelled" by the fact that Officer Carey mentioned the grill at the preliminary hearing and in the arrest reports he had prepared.

Defendant subsequently filed a motion for a new trial, in which he contended, *inter alia*, that the admission of the testimony regarding the arrest reports and the preliminary hearing was improper.[1] The court denied the motion. The court subsequently sentenced defendant to seven years' imprisonment. Defendant then filed this timely appeal.

Defendant now contends that his conviction should be reversed because the trial court improperly allowed the State to introduce out-of-court statements to bolster the credibility of Officer Carey. Defendant maintains that the court erred in allowing the prior consistent statements because there was no suggestion of recent fabrication, because the prior consistent statements did not predate the inconsistent statement, and because any motive for the officer to lie existed the entire time he was involved in the case. We review the trial court's admission of

---

[1]The written motion itself is not contained in the record; however, the fact that it was filed and that it had raised this issue is clear from the report of proceedings.

evidence for abuse of discretion. People v. Caffey, 205 Ill. 2d 52, 89 (2001).

Generally, statements made prior to trial are inadmissible for the purpose of corroborating trial testimony or rehabilitating a witness. People v. Cuadrado, 214 Ill. 2d 79, 90 (2005); People v. Heard, 187 Ill. 2d 36, 70 (1999). This is because the trier of fact is likely to unfairly enhance a witness's credibility simply because the statement has been repeated. M. Graham, Cleary & Graham's Handbook of Illinois Evidence §611.14, at 499 (9th ed. 2009); see also Moore v. Anchor Organization for Health Maintenance, 284 Ill. App. 3d 874, 883 (1996).

Rather, such "prior consistent statements" are admissible in only two circumstances: (1) where there is a charge that the witness has recently fabricated the testimony, or (2) where the witness has a motive to testify falsely. Heard, 187 Ill. 2d at 70. In either circumstance, the prior consistent statement must have been made *before* the alleged fabrication or motive to lie arose. Heard, 187 Ill. 2d at 70; People v. Walker, 335 Ill. App. 3d 102, 113 (2002), *aff'd*, 211 Ill. 2d 317 (2004). Even where admissible, prior consistent statements may only be used for rehabilitative purposes; they are not admissible as substantive evidence. M. Graham, Cleary & Graham's Handbook of Illinois Evidence §611.14, at 504 (9th ed. 2009).

To be clear, prior consistent statements may not be admitted merely because a witness's testimony has been discredited. People v. Bobiek, 271 Ill. App. 3d 239, 244 (1995), citing United States v. Tome, 513 U.S. 150, 157, 130 L. Ed. 2d 574, 582-83, 114 S. Ct. 696, 701 (1995). Nor may a prior consistent statement be admitted to rebut a charge of mistake, poor recollection, or inaccuracy. M. Graham, Cleary & Graham's Handbook of Illinois Evidence §611.14, at 501 (9th ed. 2009). Indeed, a prior consistent statement "carries little rebuttal force" when offered to

rehabilitate a witness outside of the two special circumstances of recent fabrication or motive to lie. See Tome, 513 U.S. at 158, 130 L. Ed. 2d at 583, 115 S. Ct. at 701. This court has observed:

> " '[W]hen a witness is impeached by the fact that he has contradicted himself by relating the matter in a different way before trial, the admission of other evidence that he had made a pretrial statement at another time consistent with his testimony [at trial] shows only that he had been making different statements about the same matter at different times, *and this would in no way rebut the evidence of his unreliability which is imported by proof of the prior inconsistent statement.*' " (Emphasis in original.) Bobiek, 271 Ill. App. 3d at 244, quoting People v. DePoy, 40 Ill. 2d 433, 439 (1940).

"[I]f a consistent statement does not disprove, explain, or qualify the failure to speak or the making of the inconsistent statement, the consistent statement is not admissible on redirect examination." M. Graham, Cleary & Graham's Handbook of Illinois Evidence §611.14, at 499-500 (9th ed. 2009); see also People v. Williams, 147 Ill. 2d 173, 227 (1991).

Here, the prior statements of Officer Carey at the preliminary hearing and in the arrest reports were not admissible under either prior consistent statement exception for several reasons. First, in cross-examining Officer Carey, defense counsel neither asserted nor implied that Officer Carey had recently fabricated his testimony or had a motive to lie. Rather, defense counsel was merely impeaching Officer Carey's credibility with the omission from the vice case report. Impeachment by omission of facts may be used where, as here, it is shown that the witness had

the opportunity to make a statement about the omitted facts and, under the circumstances, a reasonable person ordinarily would have included the facts. See, e.g., People v. Bailey, 374 Ill. App. 3d 1008, 1018-19 (2007).

However, the mere introduction of contradictory evidence, without more, does not constitute an implied charge of fabrication or motive to lie. See Moore, 284 Ill. App. 3d at 885. This impeachment falls short of raising a charge or inference that the witness was motivated to testify falsely or that his testimony was of recent fabrication; therefore, the admission of the prior statements was improper rehabilitation. See, e.g., People v. Wetzel, 308 Ill. App. 3d 886, 895 (1999) (prior inconsistent statement in which officer testified that the defendant had fired "west" instead of "northwest" did not raise a charge of recent fabrication or motive to testify falsely such that a prior consistent statement could be admitted to rehabilitate the officer).

Second, even if there had been a suggestion of recent fabrication or motive to lie, neither the preliminary hearing statement nor the arrest reports predated the vice case report and any motive to lie or fabricate that would have existed at that time. People v. Askew, 273 Ill. App. 3d 798, 803 (1995). Further, if Officer Carey had been motivated to lie because of his role as a police officer and objective of obtaining convictions, that motive would have predated the December 14, 2007, incident. Therefore, even if it had been suggested that Officer Carey were lying, the preliminary hearing testimony and arrest reports would have been of little rehabilitative effect as those statements do not disprove, explain, or qualify the inconsistency. See, e.g., Bobiek, 271 Ill. App. 3d at 244. Thus, we find the trial court's admission of this evidence to have been abuse of discretion.

8

1-08-2753

However, this does not end our inquiry. We must next determine whether the improper admission of these out-of-court statements constituted reversible error. People v. Miller, 302 Ill. App. 3d 487, 493 (1998).

To determine whether an ordinary trial error, such as the improper admission of hearsay evidence, was harmless, we must ask whether the verdict would have been different if the evidence had not been admitted. People v. Lynn, 388 Ill. App. 3d 272, 282 (2009); Bobiek, 271 Ill. App. 3d at 244. This is determined on a case-by-case basis. Miller, 302 Ill. App. 3d at 493.

Here, following the conclusion of defendant's bench trial, the court specifically stated that "the inference of recent fabrication" raised by defense counsel's impeachment of Officer Carey with the vice case report was "dispelled by the fact the grill is mentioned in the arrest reports for both Defendants, which was prepared by Officer Carey." In a short bench trial such as this, where the State presents only one witness to the crime, the testimony of that witness is critical. See, e.g., Miller, 302 Ill. App. 3d at 493 (explaining that the erroneous admission of a prior consistent statement is reversible error if the testimony was crucial). Indeed, in announcing its findings, the trial court explained that it had specifically relied upon the out-of-court statements made by Officer Carey at the preliminary hearing and in his arrest reports in finding his testimony to have been credible. Therefore, we cannot say that the verdict would not have been different without the admission of the hearsay statements. See, e.g., Wetzel, 308 Ill. App. 3d at 896 (finding improper admission of out-of-court statements, even if not for substantive purposes, to have been so prejudicial as to warrant reversal).

For these reasons, we must reverse defendant's conviction and sentence. Because we

9

have reversed defendant's conviction and sentence on these grounds, we need not address the other issues raised by defendant in this appeal.

As a final matter, we find that a new trial does not violate the protections of double jeopardy. Upon careful review of the record, we conclude that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. However, nothing in this opinion should be construed as a finding regarding defendant's guilt that would be binding upon remand. People v. Walker, 232 Ill. 2d 113, 131 (2009).

For the foregoing reasons, the defendant's conviction and sentence are reversed and this cause is remanded to the circuit court for a new trial.

Reversed and remanded.

HOFFMAN and KARNEZIS, JJ., concur.

**THE PEOPLE OF THE STATE OF ILLINOIS,**

  **Plaintiff-Appellee,**

  **v.**

**TONY McWHITE,**

  **Defendant-Appellant.**

---

**No. 1-08-2753**

**Appellate Court of Illinois**
**First District, Second Division**

**Filed: March 30, 2010**

---

**JUSTICE THEIS delivered the opinion of the court.**

**Hoffman and Karnezis, JJ., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Matthew E. Coghlan, Judge Presiding**

---

| | |
|---|---|
| For APPELLANT, | Michael J. Pelletier, State Appellate Defender |
| | Patricia Unsinn, Deputy Defender |
| | Jonathan Yeasting, Assistant Appellate Defender |
| | Office of the State Appellate Defender |
| | 203 N. LaSalle St., 24th Floor |
| | Chicago, IL 60601 |
| | |
| For APPELLEE, | Anita Alvarez, State's Attorney |
| | James E. Fitzgerald, Assistant State's Attorney |
| | Tasha-Marie Kelly, Assistant State's Attorney |
| | Sara Ann Phillips, Assistant State's Attorney |
| | 300 Richard J. Daley Center |
| | Chicago, IL 60602 |