# Illinois Official Reports

## Appellate Court

***People v. Randolph*, 2014 IL App (1st) 113624**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE RANDOLPH, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-11-3624 |
| Filed<br>Rehearing denied | March 26, 2014<br>April 21, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful possession of cocaine was reversed and the cause was remanded for a new trial where the trial court erred in admitting the prior consistent statements of an arresting officer to bolster the officer's testimony, since the statements did not disprove, explain or qualify any inconsistency between those statements and the officer's trial testimony and there was no suggestion that the officer was motivated to testify falsely or that his testimony was a recent fabrication that needed rehabilitation. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-7117; the Hon. John T. Doody, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Michael J. Pelletier, Alan D. Goldberg, and S. Amanda Ingram, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Tasha-Marie Kelly, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE MASON delivered the judgment of the court, with opinion. Presiding Justice Hyman and Justice Pucinski concurred in the judgment and opinion.

## OPINION

¶ 1     Following a 2011 jury trial, defendant Willie Randolph was convicted of possession of a controlled substance (less than 15 grams of cocaine) and sentenced to three years' imprisonment. Defendant contends on appeal that the court erred in admitting into evidence a witness's prior consistent statement when there was no allegation of recent fabrication or motivation to lie.

¶ 2     Defendant was charged with possession of a controlled substance in that he allegedly possessed less than 15 grams of a substance containing cocaine on April 11, 2011.

¶ 3     At trial, police officer Steve Hefel testified that he and Officer Michael Laurie were patrolling in a police car (unmarked but with municipal or police license plates) at about 7:10 p.m. on April 11, 2011. They were driving slowly, going the wrong way on a one-way street, when Officer Hefel saw defendant standing by himself in the street; that is, in the roadway rather than on the sidewalk. Upon seeing the police car, defendant, according to Officer Hefel, appeared startled; "his eyes got real big" and he began fidgeting. Officer Hefel suggested that they stop defendant, and Officer Laurie stopped their car about two feet from defendant, within arm's reach, as defendant was in the street. Defendant then thrust his right hand into his pocket, turned around, and walked away "at a fast pace." Officer Hefel told defendant to stop as he exited the car, but defendant continued on. Officer Hefel followed defendant and saw him pull his right hand out of his pocket and drop a small object to the ground about three feet behind the police vehicle. Officer Hefel saw that there was no debris on the ground around the object and left it for Officer Laurie to pick up; Officer Hefel caught up with and detained defendant a few seconds later.

¶ 4     On cross-examination, Officer Hefel testified that defendant was not doing anything suspicious when Officer Hefel first saw him, and his postarrest search found no drugs. Later that day, Officer Hefel prepared reports of the incident and of defendant's arrest. Hefel admitted that there was no reference in his reports to defendant's eyes "getting big" and him becoming "fidgety" on seeing the officers. Officer Hefel explained that he and Officer Laurie

- 2 -

acted because defendant was in an area known for narcotics sales, reacted to the officers with his eyes and fidgeting, then put his hand in his pocket and walked away quickly. When pressed, Officer Hefel also admitted that his reports did not recite that defendant put his hand in his pocket or walked away quickly. As to the timing of defendant dropping the item on the ground, Officer Hefel admitted that his reports indicated that the officers stopped their vehicle when defendant looked in their direction and immediately crossed the street while dropping the item, but in his direct testimony Officer Hefel stated that he observed defendant dropping the item after he had exited the vehicle. Officer Hefel explained that "everything happened at the same time" or within one to three seconds because he was exiting the car while Officer Laurie had not shifted it into park, but his reports had to describe or list the events "in some kind of an order."

¶ 5    On redirect examination, the State elicited from Officer Hefel testimony that his reports reflected the "important facts" that the officers were patrolling a "high narcotic area," defendant saw the officers and immediately crossed the street, he dropped an object, and Officer Laurie recovered the object. Defendant twice objected to this line of questioning as improper bolstering, and the court overruled the objections. Defense counsel did not request and the trial court did not give the jury a limiting instruction regarding the purpose for which the prior consistent statements could be used.

¶ 6    Defendant made an oral motion to quash, arguing that he did not make a written motion prior to trial since the police reports were to the effect that defendant was crossing a street in front of the police car when he dropped drugs to the pavement. However, as Officer Hefel testified to a different scenario (only seeing defendant drop the drugs after exiting his vehicle to stop defendant) than that reflected in his reports, defendant argued that the officers effected an improper *Terry* stop because defendant's actions before the officers told him to stop would not give rise to reasonable suspicion. The court denied the motion on the basis that defendant chose not to file a pretrial motion to quash.

¶ 7    Officer Michael Laurie's testimony was similar to that of Officer Hefel: that they were patrolling when he saw defendant standing in the street, and when defendant looked in their direction, his "eyes became wide" and he "became fidgety." After agreeing with Officer Hefel that defendant seemed suspicious, Officer Laurie stopped the car about two feet from defendant, who "in one motion" put his right hand in his pocket, turned, and walked away quickly. As Officer Laurie exited the car, he saw defendant remove his right hand from his pocket and drop a "crunched-up" plastic bag. Officers Laurie and Hefel detained defendant, then Officer Laurie returned to and recovered the dropped bag. The bag, which was not near any debris, contained three smaller bags that in turn contained a white rocky substance Officer Laurie suspected to be cocaine. At the police station, Officer Laurie inventoried the bag and its contents.

¶ 8    On cross-examination, Officer Laurie admitted that defendant did not approach or wave to anybody, or bend over as if he kept something on the ground. He reviewed the reports prepared by Officer Hefel and made no corrections to them. Officer Laurie conceded that the reports did not mention that defendant's eyes "got big" upon seeing the officers, that he put his hand in his pocket or that Officer Hefel told him to stop.

¶ 9    Forensic chemist Naeemah Powell testified to, and was cross-examined upon, her opinion that the chunky substance that she received and tested contained cocaine. Neither the plastic bags nor their contents were tested for fingerprints.

¶ 10      In closing argument, defendant argued at length that the officers lied in their testimony, in part because "it's a story that's changed over time" and the various factors listed by Officer Hefel for stopping defendant were "created for you for trial" because they were not in the police reports. Following instructions and deliberation, the jury found defendant guilty.

¶ 11      Defendant filed a posttrial motion. In support of an argument that he should have been allowed to present the oral motion to quash, defendant argued that Officers Hefel and Laurie "testified to facts and circumstances that were either omitted from their reports or were in contradiction to facts contained in their reports," as specified in the motion. Similarly, in support of an argument that there was insufficient evidence to convict because the officers were not credible, defendant argued that various aspects of the officers' testimony were impeached by omission from or contradiction by Officer Hefel's reports. Defendant also argued that the State improperly used prior consistent statements from Officer Hefel's reports to bolster his testimony, arguing that "impeachment by omission is simply the introduction of contrary evidence and does not constitute an implied charge of fabrication or motive to lie [citation] and the prior consistent statements did not disprove, explain, or qualify the failure to speak or the making of the inconsistent statement."

¶ 12      The court denied the posttrial motion. The court sentenced defendant to three years' imprisonment with fines and fees. Defendant's postsentencing motion was denied, and this appeal timely followed.

¶ 13      On appeal, defendant contends that the court erred in allowing the State to bolster Officer Hefel's testimony with the contents of his police reports because they were inadmissible prior consistent statements that did not disprove, explain or qualify the inconsistency between those reports and his trial testimony. We agree.

¶ 14      Generally, a prior statement that is consistent with a witness's trial testimony constitutes hearsay and is inadmissible to bolster that witness's credibility or to rehabilitate the witness when he has been impeached by a prior inconsistent statement. *People v. Ruback*, 2013 IL App (3d) 110256, ¶ 26; *People v. Johnson*, 2012 IL App (1st) 091730, ¶ 60. The basis for this rule is a concern that the trier of fact is likely to unfairly enhance the credibility of a witness simply because his statement has been repeated. *Johnson*, 2012 IL App (1st) 091730, ¶ 60.

¶ 15      A prior consistent statement is admissible to rebut an express or implied suggestion on cross-examination that the witness is motivated to testify falsely or his testimony is a recent fabrication. *Ruback*, 2013 IL App (3d) 110256, ¶ 26. It is insufficient that the witness has been discredited, or the opposing party sought to discredit him, as mistaken or inaccurate. *Johnson*, 2012 IL App (1st) 091730, ¶¶ 60, 63. A consistent statement that does not disprove, explain, or qualify the failure to speak or the making of the inconsistent statement is inadmissible. *Ruback*, 2013 IL App (3d) 110256, ¶ 44. A prior consistent statement admitted on this basis may be used solely to rehabilitate the witness, not as substantive evidence. *Id.* ¶ 34.

¶ 16      The admission of evidence is a matter of the trial court's sound discretion reviewed for abuse of discretion, so that we will reverse only if the decision was arbitrary, fanciful, or unreasonable, or no reasonable person would agree with it. *Id.* ¶ 24. Not all errors in the admission of evidence require reversal. Rather, "[t]o determine whether an ordinary trial error, such as the improper admission of hearsay evidence, was harmless, we must ask whether the verdict would have been different if the evidence had not been admitted." *People v. McWhite*, 399 Ill. App. 3d 637, 643 (2010).

- 4 -

¶ 17    In *McWhite*, a police officer testified at trial that the defendant retrieved a cigarette box from a barbecue grill near the base of a tree in a vacant lot, removed something from the box, gave the item to another person, and returned the box to the grill. *Id.* at 638-39. According to the officer, this happened several times prior to defendant's arrest. *Id.* at 639. After the arrest, the officer testified he directed another officer to the cigarette box inside the grill. *Id.* On cross-examination, the officer was confronted with a report of the incident, which he had reviewed and signed, that made no mention of the barbecue grill, but instead recited that defendant " 'relocated to a large tree inside an empty lot \*\*\*, bent down, and picked up a green-white Newport cigarette box.' " *Id.* On redirect, the trial court allowed the State to ask the officer about testimony he had given at a preliminary hearing during which he had referred to defendant removing the cigarette box from the grill as well as arrest reports he had prepared that also referred to the same facts. *Id.* at 640. This court found error in the admission of the prior consistent statements on a number of grounds. *Id.* at 642. As relevant here, the court found that cross-examination regarding omissions from the report did not assert or imply that the officer had recently fabricated his testimony or had a motive to lie: "the mere introduction of contradictory evidence, without more, does not constitute an implied charge of fabrication or motive to lie." *Id*. Thus, the court concluded that admission of the prior statement was improper rehabilitation. *Id*. Finding that the officer's testimony was critical to the prosecution and that the trial court specifically referred to the prior statements in its ruling, the court found that the erroneous admission of the evidence required reversal. *Id.* at 643.

¶ 18    Under the circumstances presented here, it was error to allow the prosecution to elicit testimony from Officer Hefel regarding statements in his report that were consistent with his trial testimony. It is debatable whether defense counsel's cross-examination of Officer Hefel asserted or implied recent fabrication. Most of the cross-examination focused on omissions from the arrest and incident reports regarding defendant's conduct, including his eyes "getting big," defendant becoming "fidgety" on seeing the officers, and immediately putting his hand in his pocket. These questions, standing alone, would not permit the introduction of prior consistent statements because if impeachment by omission justified the introduction of such hearsay, the exception would swallow the rule. *People v. Miller*, 302 Ill. App. 3d 487, 492 (1998) ("If courts were to admit prior consistent statements whenever there was any questioning or contradiction of a witness' testimony, the exception would swallow the rule."). But defense counsel also asked Officer Hefel the following question: "So this is a fact you are remembering today but it is not included in any of your reports?" Such questioning implies recent fabrication and would arguably invite introduction of a prior consistent statement.

¶ 19    Yet, despite the suggestion of recent fabrication, the prior consistent statements ultimately elicited by the prosecution did not disprove, explain or qualify the inconsistencies between Officer Hefel's report and his trial testimony and thus should not have been admitted. Allowing Officer Hefel to testify that his reports did include the "important fact" that he observed defendant drop an item to the ground that was retrieved by his partner merely reinforced his trial testimony to the same effect; this testimony shed no light on why he would have omitted facts regarding defendant's conduct that gave the officers reason to stop him in the first place.

¶ 20    Even in cases where prior consistent statements are properly admitted, such evidence must be accompanied by a limiting instruction informing the jury that the evidence should not be considered for its truth, but only to rebut a charge of recent fabrication. *People v. Lambert*, 288

Ill. App. 3d 450, 461 (1997). Additionally, it is improper for the State to refer to the prior consistent statements as substantive evidence in closing arguments. *Id*. In this case, there was no limiting instruction, either at the time the prior consistent statements were admitted or in the court's instructions to the jury. The State also invited the jury to consider the prior statements as substantive evidence when it argued in rebuttal that defendant was not charged with having "wide open eyes," "fidgeting" or "putting his right hand in his pocket," but was "charged with possessing crack cocaine and they put in that report that he possessed crack cocaine."

¶ 21 The State's case against defendant hinged entirely on the credibility of the police officers. When those officers were impeached with facts omitted from their reports, the State should not have been permitted to bolster their credibility with prior consistent statements that did not explain those omissions. See *People v. Smith*, 139 Ill. App. 3d 21, 34 (1985) ("[t]he admission of a [prior consistent] statement used to bolster the sagging credibility of a witness is reversible error when the witness' in-court testimony is crucial"). Further, the court's failure to give a limiting instruction and the State's invitation to the jury to use the prior consistent statements as substantive evidence convince us that the result of defendant's trial may well have been different in the absence of these errors. As there is sufficient evidence in the record to support the conviction, we reverse and remand for a new trial.

¶ 22 Accordingly, the judgment of the circuit court is reversed.

¶ 23 Reversed and remanded.