2024 IL App (3d) 230170

Opinion filed December 3, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| DUSTIN T. CAPSEL, | ) | Appeal from the Circuit Court |
| | ) | of the 13th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Grundy County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-23-0170 |
| | ) | Circuit No. 16-L-51 |
| REBEKAH J. BURWELL, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Scott M. Belt, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Albrecht and Davenport concurred in the judgment and opinion.

_____

**OPINION**

¶ 1        Plaintiff, Dustin T. Capsel, brought a negligence action in the circuit court of Grundy County to recover damages for personal injuries sustained in an automobile collision involving defendant, Rebekah J. Burwell. The matter later proceeded to trial, at the conclusion of which the jury returned a verdict in favor of defendant. Judgment was entered on the verdict, and plaintiff appeals on the grounds that the circuit court erred in admitting hearsay statements offered through the testimony of a responding officer and by denying his motions for a directed verdict, a new trial, and judgment notwithstanding the verdict. For the following reasons, we vacate the judgment and remand for a new trial.

## I. BACKGROUND

### A. Undisputed Facts

Certain facts are undisputed in this case. On July 3, 2016, plaintiff and six of his family members were traveling along Interstate 80 when their vehicle, which was owned and being driven by plaintiff's grandmother, Beverly Rodriguez, was rear-ended by one driven by defendant. Rodriguez's vehicle was pushed off the highway and overturned multiple times. Plaintiff sustained several significant injuries, including scalp degloving, a comminuted tibia and fibula, and long-term brain injury. Defendant's vehicle was the only one that contacted Rodriguez's vehicle during the collision.

Trooper Thomas Vodicka responded to the scene of the collision and spoke to some of the occupants of Rodriguez's vehicle and defendant. Vodicka prepared an Illinois Traffic Crash Report (Report) and issued defendant a ticket for failure to reduce speed to avoid a collision, to which she later pleaded guilty.

### B. Pretrial Proceedings

Plaintiff filed his complaint for negligence on November 10, 2016, and discovery later ensued. In answer to plaintiff's requests to admit, defendant admitted that plaintiff was injured in the collision between her vehicle and Rodriguez's vehicle.

Plaintiff also filed numerous motions *in limine*, one of which sought to bar Vodicka from testifying that, leading up to the collision, an unidentified truck was driving recklessly along Interstate 80 and cut in front of Rodriguez's vehicle, causing Rodriguez to abruptly brake. Plaintiff argued that this testimony should be barred partly because, during his deposition, Vodicka testified that he did not recall speaking to either party. Nor did he remember the specific sources of the information contained in the Report, including the statements therein regarding the unidentified

truck. Plaintiff argued that Vodicka's lack of recollection precluded his testimony from being admitted into evidence or used as impeachment and that the testimony constituted inadmissible hearsay. The circuit court then ultimately granted part of the motion *in limine* pertaining to Vodicka's testimony, barring admissibility of Vodicka's testimony pursuant to the past recollection recorded exception to hearsay, "unless [his] testimony change[d] at trial." The circuit court reserved ruling on the remainder of the motion. For purposes of both clarity and conciseness, we reserve further discussion of this hearing for the analysis section of this order.

¶ 9                                     C. Trial

¶ 10        On August 29, 2022, the jury trial commenced. Following opening statements, defendant testified that, on the day of the collision, she was traveling behind Rodriguez's vehicle in the right lane on Interstate 80. Defendant stated that she was driving the speed limit and at a distance of three to four car lengths behind Rodriguez's vehicle, when a truck approached at a high speed via the left lane, passed her, and swerved in and out of her lane. The truck then sped ahead, cut in front of Rodriguez's vehicle, and suddenly braked. Defendant slowed her vehicle in an attempt to stop but was unable to prevent her vehicle from rear-ending Rodriguez's vehicle. Defendant was unaware of any other collisions resulting from these events and believed that the collision between her vehicle and Rodriguez's vehicle was the only one that occurred.

¶ 11        Vodicka testified that he responded to the July 3, 2016, collision and that, when he arrived at the scene, he inspected the vehicles and spoke with some of the occupants, although he could not recall with whom he specifically spoke. Vodicka prepared the Report within several hours after the collision, based on his "firsthand knowledge of [the] statements" made to him by those involved in the collision with whom he was able to talk.

¶ 12    The back side of the Report form contained a narrative section, which Vodicka typically used to document the statements of those involved in an incident, along with what he learned about the incident. Vodicka wrote in the narrative of the Report that defendant stated that she saw Rodriguez's vehicle brake but did not have enough time to prevent the collision. He also wrote that one of the occupants of Rodriguez's vehicle stated that a truck was driving recklessly and cut in front of Rodriguez's vehicle, causing Rodriguez to brake. Vodicka testified that defendant herself never mentioned the truck to him, but he acknowledged that it was possible, though not probable, that the statements in the Report regarding the truck were misattributed to one of the occupants of Rodriguez's vehicle but were actually made by defendant.

¶ 13    Based on his investigation, Vodicka believed it clear that the collision involved "a situation where somebody cut off somebody else and the next person slammed on their brakes." Vodicka issued defendant a ticket for failure to reduce speed to avoid a collision, to which she later pleaded guilty.

¶ 14    Next, plaintiff's six family members who were involved in the collision each testified as to the surrounding events. All six testified that they did not recall a vehicle driving in front of Rodriguez's vehicle or Rodriguez suddenly braking prior to the collision, but their testimony differed in some other respects.

¶ 15    Rodriguez testified that she did not remember anything that occurred between when she was driving plaintiff and her other family members along Interstate 80 on July 3 and about a week later. She had been in a coma and had only later become aware that defendant's vehicle had rear-ended her own.

¶ 16    Randy Travis Davis, plaintiff's cousin, testified that their family was traveling along Interstate 80 on July 3 after having left the Grundy County Fairgrounds (Fairgrounds), where they

4

had gone to view fireworks. He stated that, when they were leaving the parking lot of the Fairgrounds, defendant, who was also present, grew angry and yelled at Rodriguez because a guard at the Fairgrounds permitted Rodriguez to leave the parking lot before her. Upon leaving the Fairgrounds, defendant followed Rodriguez's vehicle, driving gradually closer behind until her vehicle eventually collided with Rodriguez's vehicle three or four times.

¶ 17    Tammy Davis, plaintiff's aunt, recalled the same incident but testified that it involved a man whom she did not know. She also did not know whether anyone followed Rodriguez's vehicle after they left the Fairgrounds. According to Tammy, during the collision, Rodriguez's vehicle was hit twice.

¶ 18    Michael Hauck, plaintiff's uncle, testified that he did not recall an altercation occurring on the day of the collision or how the collision occurred. The last thing he remembered regarding the collision was getting hit twice from behind.

¶ 19    Randy L. Davis, plaintiff's uncle, testified that he recalled the incident when they were leaving the Fairgrounds, but that he did not recognize the individual involved or see defendant at the Fairgrounds that day. He further testified that defendant's vehicle struck Rodriguez's vehicle twice from behind.

¶ 20    Caleb Davis, plaintiff's cousin, testified that he was not aware of any altercation occurring at the Fairgrounds on July 3 and that defendant's vehicle struck Rodriguez's vehicle twice.

¶ 21    Prior to closing arguments, plaintiff filed a motion for a directed verdict. The circuit court reserved ruling on the motion, and the jury returned a unanimous verdict in favor of defendant, on which the circuit court entered judgment. Plaintiff filed motions for judgment notwithstanding the verdict and for a new trial, both of which the circuit court also denied. Plaintiff now appeals.

¶ 22                                              II. ANALYSIS

¶ 23    On appeal, plaintiff argues that the circuit court erred by (1) allowing the statements in Vodicka's Report to be admitted into evidence, (2) determining that he had forfeited certain issues for review, and (3) denying his motions for a directed verdict, judgment notwithstanding the verdict, and for a new trial. We will begin by analyzing plaintiff's argument regarding the admissibility of the statements in the Report.

¶ 24    Plaintiff argues that it was error for the circuit court to admit the statements in the Report into evidence because Vodicka could not provide a proper foundation to establish a hearsay exception to allow their use. "Generally, evidentiary rulings are within the sound discretion of the [circuit] court and will not be reversed on review absent an abuse of discretion." *Lovell v. Sarah Bush Lincoln Health Center*, 397 Ill. App. 3d 890, 900 (2010). An abuse of discretion exists only where the circuit court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would adopt the same view as the circuit court. *Favia v. Ford Motor Co.*, 381 Ill. App. 3d 809, 815-16 (2008).

¶ 25    Plaintiff advocates for *de novo* review, contending that the ruling resulted from the circuit court's misinterpretation of the legal principles underlying the concepts of recorded and refreshed recollections. "It is true that [we] sometimes review evidentiary rulings *de novo*" "where 'a [circuit] court's exercise of discretion has been frustrated by an erroneous rule of law.' " *People v. Caffey*, 205 Ill. 2d 52, 89 (2001) (quoting *People v. Williams*, 188 Ill. 2d 365, 369 (1999)). However, a review of the record in this case shows that the circuit court based its admission of the statements in the Report partly on the specific testimony elicited at trial and the circumstances of this case, rather than solely on its interpretation of the relevant evidentiary rules. Thus, we will review the circuit court's ruling for an abuse of discretion, rather than *de novo*. See *id.* at 89-90

(reviewing the circuit court's evidentiary rulings for an abuse of discretion because the rulings were made based on the specific circumstances of the case and not on broadly applicable rules).

¶ 26 Relevant to the merits, prior to trial, plaintiff filed a motion *in limine* to bar Vodicka from testifying to the statements in the Report regarding the unidentified truck. Plaintiff argued in his motion that these statements were inadmissible because Vodicka had earlier testified during his deposition that he did not recall whether he spoke with defendant or any specific occupant of Rodriguez's vehicle at the scene of the collision and that he did not recall who informed him that the unidentified truck was driving recklessly near Rodriguez's vehicle leading up to the collision, causing Rodriguez to abruptly brake. Plaintiff argued that the statements in the Report relating to the truck did not meet any hearsay exception, including those for party admissions or past recollections recorded.

¶ 27 During the hearing on the motion *in limine*, the circuit court expressed that, the issue of hearsay aside, it was concerned that, without Vodicka being able to remember to whom he spoke at the scene of the collision, the statements in the Report lacked the proper foundation to be entered into evidence. Specifically, the circuit court stated:

"THE COURT: *** [S]o hearsay was raised as the basis of the objection, but before you even get to hearsay, my perception is that you have a foundation question ***. How can he testify to a conversation with somebody that he doesn't remember having a conversation with, you know, or the circumstances surrounding it other than maybe being at the accident scene and who else was present, and just the very fundamental, foundational requirements for, you know, offering a statement into evidence ***. [A]s it relates to unit two, I don't think it's consistent with the rules of evidence to allow him to come in and say somebody in unit two told me something. I need a specific somebody, what the

7

circumstances were, where the conversation took place, who else was present. Unit one may be a different story because we only have one occupant \*\*\*. [B]ut I think we—this is one of those where I think we'll just have to see how it plays out \*\*\*.

\* \* \*

Trooper Vodicka testified that he does not recall specifically speaking to either party nor the substance of any such conversation. And you got deposition transcript testimony that validates that. So I think—so I guess for purposes of [this motion], I guess I want to share some of my thoughts in terms of where I'm at in terms of the objections being made, but I think the best thing for the Court to do \*\*\* is to reserve it and revisit it either immediately prior to trial or during the course of trial."

The circuit court then granted part of the motion *in limine*, finding that the statements in the Report were barred under the past recollection recorded exception to hearsay unless Vodicka's testimony changed at trial. The circuit court reserved ruling on the remainder of the motion, which pertained to the admissibility of the statements on other grounds.

¶ 28    Immediately prior to Vodicka testifying at trial, defense counsel informed the circuit court that he intended to later move to enter the Report into evidence, under the past recollection recorded exception to hearsay, and that he believed that he would be able to ask the necessary questions to lay the proper foundation for the Report's admissibility. Plaintiff's counsel countered this belief and argued that the Report could not be admitted as a past recollection recorded or used to refresh Vodicka's recollection because the statements in the Report were unattributable to specific people and lacked foundation. The circuit court expressed its belief that, "if [Vodicka] testifie[d] consistent with his deposition and with the information that's contained in his report, [then defendant would] never get a foundation out of [him]," but later stated that "it [would] hold

8

and make a firm ruling . . . on the past recorded recollection that [would] be prohibited . . . unless the testimony change[d]."

¶ 29     During direct examination, Vodicka testified consistent with his deposition that he did not independently recall the collision or whom of those involved in the collision he specifically spoke with. On cross-examination, Vodicka testified that, upon reporting to the scene of the collision, he talked to those involved; that he prepared the Report himself within several hours after the collision, while he clearly and accurately remembered his investigation; and that he had firsthand knowledge of the statements in the Report. Vodicka did not identify the individuals with whom he spoke or indicate that he spoke with everyone involved in the collision. Nor did Vodicka describe the condition of each speaker, including the one who allegedly saw the unidentified truck.

¶ 30     Defense counsel subsequently began reading statements from the Report into the record, at which time plaintiff's counsel objected and a sidebar was held. During the sidebar, plaintiff's counsel argued that the statements in the Report were still inadmissible because Vodicka had not testified as to which individuals made which statements. Defense counsel argued that he was seeking admission of the statements under the past recollection recorded exception to hearsay, and that this exception did not require Vodicka to remember who provided him with which statements. The circuit court found that defense counsel refreshed Vodicka's recollection and that there was adequate foundation for the statements to be admitted. Vodicka then proceeded to testify that the Report stated that someone from Rodriguez's vehicle informed him that, prior to the collision, an unidentified truck was driving recklessly and cut in front of Rodriguez's vehicle, causing Rodriguez to suddenly brake. Vodicka further testified that this information did not come from defendant, and that, if it had, he would have written this fact in the Report.

9

¶ 31    Plaintiff now renews his argument that, because Vodicka testified at trial that he did not recall to whom he specifically spoke at the scene of the collision, the statements in the Report lacked the appropriate foundation to be entered into evidence and constituted inadmissible hearsay. "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is inadmissible unless it falls within one of the recognized exceptions to the rule." *Pavlik v. Wal-Mart Stores, Inc.*, 323 Ill. App. 3d 1060, 1064 (2001). Generally, written police reports are not admissible because they summarize information obtained from various sources during an investigation and, thus, are the product of the secondhand knowledge of the reporting officer and hearsay. *Kociscak v. Kelly*, 2011 IL App (1st) 102811, ¶ 25; *People v. Garrett*, 216 Ill. App. 3d 348, 357 (1991). However, "[p]olice reports may be used to refresh a witness'[s] recollection [citation] or may be admitted as past recollection recorded if the proper foundation is laid." *Horace Mann Insurance Co. v. Brown*, 236 Ill. App. 3d 456, 462 (1992).

¶ 32    The statements in the Report that are at issue are those written by Vodicka stating that, prior to the collision, a truck was driving recklessly near the parties and then cut in front of Rodriguez's vehicle, causing Rodriguez to suddenly brake. The writings themselves constitute hearsay because the Report was generated near the time of the collision and outside of Vodicka's testimony at trial, and because defense counsel argued to the jury that the truck, rather than defendant, caused the collision, which shows that the writings were offered to prove the truth of the matter asserted. Separately, and for similar reasons, these same statements regarding an unidentified truck that was not present at the scene of the collision, as made by a single unattributed source at the scene of the collision, are also hearsay. Thus, the statements at issue constitute hearsay within hearsay, or double hearsay.

10

¶ 33    Next is the issue of whether the statements in the Report met the refreshed recollection and past recollection recorded exceptions to hearsay. Starting with the first of these exceptions, plaintiff argues that the circuit court erred by finding that Vodicka's recollection had been refreshed because he still did not recall who provided which statements contained in the Report. Plaintiff further argues that, even if the refreshed recollection exception to hearsay were to apply, this alone would not have authorized defense counsel to read the statements in the Report into the record verbatim.

¶ 34    "A witness may testify only to facts within his knowledge and recollection and to refresh and assist his memory he may be afforded the use of a written instrument ***." *In re Thomas*, 65 Ill. App. 3d 136, 138 (1978). The written instrument need not be independently admissible, so long as, after inspecting it, the witness can speak to the facts from his own recollection. *Id.* at 139 (citing *People v. Van Dyk*, 40 Ill. App. 3d 275, 279 (1976)). The witness "may not merely recite what he read on the refresher document under the guise of refreshed recollection." *Aliano v. Transform SR LLC*, 2020 IL App (1st) 172325, ¶ 22.

¶ 35    At trial, Vodicka testified during direct examination that he did not independently recall the collision or who he spoke to at the scene of the collision, but that he had generated the Report, with the help of which he remembered some of the details pertaining to his investigation of the collision. On cross-examination, defense counsel asked Vodicka whether one of the vehicles mentioned in the Report was the unidentified truck alleged to have been driving recklessly. Plaintiff's counsel then objected to a lack of foundation, and after the circuit court sustained the objection, defense counsel elicited testimony from Vodicka that he himself prepared the Report within several hours following the collision; had firsthand knowledge of *the statements in the*

11

*Report*, which reflected what he was told; and prepared the Report while he clearly and accurately remembered his investigation of the collision.

¶ 36    Defense counsel then began to recite statements in the Report when plaintiff's counsel again objected to a lack of foundation. This time, the circuit court overruled the objection, finding that defense counsel had refreshed Vodicka's memory, and Vodicka proceeded to testify that someone in Rodriguez's vehicle provided the statement regarding the unidentified truck, though he still could not recall who specifically told him.

¶ 37    The above portions of the record demonstrate that the circuit court found Vodicka's memory to have been refreshed after Vodicka again testified to being unable to recall both the collision itself and who he had spoken to at the scene, even after defense counsel's efforts to refresh his recollection. Based on Vodicka's testimony that he did not, in fact, remember who provided him with the statements regarding the unidentified truck, it cannot be said that his memory was sufficiently refreshed as to any relevant facts.

¶ 38    A further consequence of Vodicka's inability to recall who provided the statements regarding the truck is that there was a lack of adequate foundation for the statements to be admitted into evidence. This is because, in Illinois, a witness is prohibited from testifying to a matter unless evidence is introduced and shows that the witness has personal knowledge of the matter. See Ill. R. Evid. 602 (eff. Jan. 1, 2011). Here, Vodicka testified to the existence of the unidentified truck and that, leading up to the collision, the truck cut in front of Rodriguez's vehicle and caused Rodriguez to suddenly brake. However, there is nothing in the record to indicate that Vodicka had personal knowledge of these matters. Rather, to the opposite, in so far as Vodicka testified that one unidentified occupant of Rodriguez's vehicle provided the information regarding the truck, the record indicates that it was this occupant, and not Vodicka himself, who possessed the requisite

12

personal knowledge. This is further bolstered by the fact that Vodicka testified at trial that he did not witness the actual collision. Thus, without more, the use of the Report to refresh Vodicka's recollection could not substantiate any relevant facts and did not permit the statements in the Report regarding the unidentified truck to be admitted into evidence.

¶ 39		Vodicka's inability to remember who made the statements regarding the truck also precluded the statements from being admitted under the past recollection recorded exception, again due to a lack of foundation and firsthand knowledge regarding the truck. The four prerequisites to the admission of a police report as a past recollection recorded are:

> "(1) the witness must have no independent recollection of the occurrence or event recorded; (2) the report must fail to refresh the witness'[s] recollection; (3) the facts in the report must have been recorded at the time of the occurrence or soon thereafter; and (4) the truth and accuracy of the report when made must be established." *Loughnane v. City of Chicago*, 188 Ill. App. 3d 1078, 1082 (1989).

Incorporated into the last element is the requirement that the witness have firsthand knowledge of the events reported. See *Kociscak*, 2011 IL App (1st) 102811, ¶ 27. The past recollection recorded exception can apply to double hearsay, as long as both levels of hearsay constitute exceptions to the hearsay rules. *Loughnane*, 188 Ill. App. 3d at 1083.

¶ 40		As earlier noted, at trial, Vodicka testified that he did not recall to whom he specifically spoke at the scene of the collision, even after defense counsel's attempt to refresh his recollection by using the Report. Vodicka also testified that he wrote the Report within several hours following the collision, while he clearly remembered his investigation. Thus, the first three prerequisites to the past recollection recorded exception had been met.

13

¶ 41 As to the final prerequisite, the parties dispute whether it has also been met, with plaintiff citing *Kociscak*, 2011 IL App (1st) 102811, and *Roeseke v. Pryor*, 152 Ill. App. 3d 771 (1987), to support his position. In *Kociscak*, an officer testified that he and a partner officer responded to the accident at issue and that he did not independently recall the accident, what each person involved in the accident told him regarding the accident, or whether he completed his report at the scene of the accident. 2011 IL App (1st) 102811, ¶ 11. The officer also testified that his partner likely helped him complete the report. *Id.*

¶ 42 On appeal, the defendant argued that the officer's report was inadmissible under the past recollection recorded exception to hearsay because the officer could not attribute the statements in the report to specific people and, thus, could not establish the truth and accuracy of the report. *Id.* ¶ 22. In conducting its analysis, the court examined the *Roeseke* decision, in which the appellate court upheld the circuit court's ruling barring a police officer from testifying about a report that he and his partner had jointly created. 152 Ill. App. 3d at 776. The *Roeseke* court upheld the ruling upon finding that the information in the report was outside of the officer's firsthand knowledge, in that both he and his partner compiled the report through consulting multiple sources and the officer could not attribute the information therein to specific sources. *Id.* at 780.

¶ 43 Analogizing to the circumstances in *Roeseke*, the court in *Kociscak* found that the testifying officer in the case before it also lacked the requisite personal knowledge of the information in the report, in so far as both he and his partner compiled the information included in the report from multiple sources but could not identify the specific sources of the information. *Kociscak*, 2011 IL App (1st) 102811, ¶ 29. The court also found that the proper foundation had not been laid because the officer never vouched for the truth or accuracy of the report, and could not have done so, since his partner compiled portions of the report in his stead. *Id.* ¶ 30. The court ultimately found that

14

the officer's testimony based on the report was not admissible under the past recollection recorded exception to hearsay. *Id.*

¶ 44    Unlike the testifying officers in *Kociscak* and *Roeseke*, who generated their reports with the help of other officers, Vodicka alone compiled the Report in this case. Nevertheless, like those same officers in *Kociscak* and *Roeseke*, Vodicka still lacked firsthand knowledge of events that he reported, including those relating to the existence of the unidentified truck, because he was not present at the scene of the collision when the truck was said to have been present and he obtained the only contemporaneous statement that a truck had even been there from an unknown passenger in a vehicle that had rolled over multiple times into a ditch. Thus, Vodicka's testimony regarding the unidentified truck lacked the necessary foundation and was inadmissible under the past recollection recorded, or any other, exception to hearsay, and the circuit court erred by admitting the statements from that testimony into evidence.

¶ 45    However, because "[n]ot all errors in the admission of evidence require reversal" (*People v. Randolph*, 2014 IL App (1st) 113624, ¶ 16), we must next determine whether the circuit court's error was harmless in nature or warrants reversal. " '[T]o determine whether an ordinary trial error, such as the improper admission of hearsay evidence, was harmless, we must ask whether the verdict would have been different if the evidence had not been admitted.' " *Id.* (quoting *People v. McWhite*, 399 Ill. App. 3d 637, 643 (2010)).

¶ 46    The sole claim litigated at trial in this case was for negligence, to which defendant asserted affirmative defenses alleging, in sum, that, immediately prior to the collision, an unidentified truck cut in front of Rodriguez's vehicle, causing Rodriguez to suddenly brake and defendant's vehicle to collide with the rear of Rodriguez's vehicle. To prevail on a claim of negligence, a plaintiff must prove that the defendant owed him a duty, that the defendant breached that duty, and that an injury

15

proximately resulted from the breach. *In re Estate of Case*, 2016 IL App (2d) 151147, ¶ 27. Drivers have a duty to exercise ordinary care, including to reduce speed, to avoid a collision. *Chevrie v. Gruesen*, 208 Ill. App. 3d 881, 884 (1991); *Hogrefe v. Johnson*, 271 Ill. App. 469, 474 (1933).

¶ 47        The evidence presented at trial on the issue of whether defendant acted negligently leading up to the collision was closely balanced. Plaintiff argued to the jury that defendant acted negligently by following too closely behind Rodriguez's vehicle immediately prior to the collision and failing to reduce her speed to avoid the collision. Defendant argued that there was no negligence on her part, and that rather, the collision was caused by the unidentified truck that cut in front of Rodriguez's vehicle, causing Rodriguez to suddenly brake and defendant to strike the vehicle and force it from the road. That truck was not on the scene when Vodicka arrived to investigate.

¶ 48        To support his theory that defendant acted negligently, plaintiff introduced testimony from his six family members who were involved in the collision, and each of whom affirmatively testified that they did not recall a vehicle driving in front of Rodriguez's vehicle or Rodriguez suddenly braking leading up to the collision. The remainder of their testimony did contain some inconsistencies. For example, Randy Travis was the only family member who testified that defendant was present at the Fairgrounds, yelled at Rodriguez because she was angry that a guard permitted Rodriguez to exit the parking lot first, and followed Rodriguez's vehicle upon leaving the Fairgrounds, driving gradually closer behind until her vehicle eventually collided with Rodriguez's vehicle three or four times. The rest of the family members did not testify to defendant driving gradually closer to Rodriguez's vehicle, yet testified either that a man yelled at Rodriguez or that they did not recall any sort of altercation occurring at the Fairgrounds, and either that they did not remember the moment when the vehicles collided or that the vehicles only collided twice.

16

¶ 49        Additionally, defendant herself testified regarding the collision and provided a version of the events that further differed from that of plaintiff's family members. Specifically, defendant testified that, prior to the collision, she was consistently driving between three to four car lengths behind Rodriguez's vehicle and at the speed limit of 70 miles per hour, when the unidentified truck sped in front of Rodriguez's vehicle, causing Rodriguez to suddenly brake and defendant to then rear-end her vehicle. Defendant neither confirmed nor denied her alleged presence at the Fairgrounds or any altercation between herself and any of plaintiff's family members. That plaintiff's family members' testimony differed among themselves and from defendant's separate testimony provided the jury with a basis to discredit any portion of the family members' testimony that tended to show that defendant acted negligently in connection with the collision. Conversely, the jury was also allowed to discredit defendant's testimony, especially regarding the unidentified truck, which she apparently never mentioned to Vodicka at the scene of the collision. The jury was further allowed to instead credit the portions of the family members' testimony that supported a finding of negligence, despite the inconsistencies across their testimony.

¶ 50        Plaintiff also presented evidence of the fact that defendant pleaded guilty to the offense of failure to reduce speed to avoid a collision, related to the ticket that Vodicka issued to her following the collision at issue in this case. Plaintiff relied on defendant's guilty plea to show that she indeed acted negligently by failing to slow her vehicle to prevent the collision with Rodriguez's vehicle.

¶ 51        In Illinois, a guilty plea to a traffic offense is deemed a judicial admission that is not itself conclusive, but instead merely serves as evidence against the pleader in a civil proceeding arising from the same incident. *People v. Powell*, 107 Ill. App. 3d 418, 419 (1982). Thus, although the jury could have found, based on defendant's guilty plea, that she indeed acted negligently by failing to slow her vehicle to avoid the collision, the jury was also permitted to find otherwise.

17

This is especially so in light of defendant's own testimony acknowledging that she pleaded guilty to the offense but explaining that she did so only because she "live[d] over an hour away," "[did not] have the money for an attorney," and "wanted to just pay the dues and do what [she] could to get past it."

¶ 52 It was in addition to the above closely balanced evidence that defendant elicited testimony from Vodicka that one of the occupants of Rodriguez's vehicle provided the statements in the Report about the absent and unidentified truck. The jury's assessment of the truth of these statements regarding the unidentified truck largely turned upon which witness testimony it decided to credit, and Vodicka's testimony that one of the occupants of Rodriguez's vehicle provided these statements bolstered defendant's testimony at trial and overall theory on the issue of her alleged negligent conduct. More specifically, Vodicka's testimony provided additional support for the jury to believe defendant's, and not plaintiff's, version of the events surrounding the collision without also providing any way of validating either the fact or accuracy of the statements, in turn influencing the jury to ultimately return its verdict in favor of defendant. For this reason, we find it likely that, absent the circuit court's admission of Vodicka's testimony regarding the unidentified truck, the outcome at trial would have been different. Therefore, the circuit court's act of admitting the testimony constituted reversible error, and a new trial is warranted. Having thus found that a new trial is warranted on this basis, we need not address plaintiff's remaining arguments on appeal and decline to do so at this time.

¶ 53                                III. CONCLUSION

¶ 54 The judgment of the circuit court of Grundy County is vacated and the cause remanded for a new trial.

¶ 55 Vacated and remanded.

18

*Capsel v. Burwell*, 2024 IL App (3d) 230170

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Grundy County, No. 16-L-51; the Hon. Scott M. Belt, Judge, presiding. |
| **Attorneys for Appellant:** | Adam J. Zayed and Julian D. Hoshell, of Zayed Law Offices, of Joliet, for appellant. |
| **Attorneys for Appellee:** | Matthew K. Krueger, of Brassfield & Krueger, Ltd., of Streator, for appellee. |